JOSEPH WERNER *v.* THOMAS E. KEITHAM ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued April 10—decided June 3, 1964

*David M. Reilly, Jr.,* for the appellants (named defendant et al.) with whom, on the brief, was *Harold M. Mulvey,* for the appellant (named defendant).

*Paul E. Farren,* with whom were *Joseph S. Dobrowolski* and *Jackson T. King,* for the appellee (plaintiff).

*Kevin T. Gormley,* with whom were *Gerald P. Dwyer* and, on the brief, *Martin E. Gormley,* for the appellee (defendant Porto Transport, Inc.).

COMLEY, J. This case arose out of a collision between a car driven by the plaintiff and a tractor with no trailer attached driven by the defendant Thomas E. Keitham. The tractor was owned by the defendant County Line Rental Company, hereinafter called County Line, but it was registered in New York in the name of "Porto Transport, Incorporated, Lessee." Porto Transport, Inc., another defendant, hereinafter called Porto, is a Connecticut corporation with its principal place of business in Wallingford.

Early in the morning of August 30, 1957, the plaintiff was traveling westerly on Orange Avenue in West Haven, also known as the Boston Post Road, toward his place of employment in Milford. Keitham was traveling easterly on Orange Avenue in the eastbound lane nearest the center of the highway, commonly called the passing lane. It was about 6:30 a.m., and rain had been falling for over an hour. When the operator of a tractor-trailer truck which was directly ahead of Keitham signaled, by means of a rear light, his intention to stop for a red light at the intersection of Orange Avenue and Prudden Street, Keitham applied his brakes. When he did so, his tractor skidded, went out of control and crossed the center of the highway into the passing lane for westbound traffic on Orange Avenue and stopped. In skidding, the tractor had turned completely around so that when it came to a stop it was facing west, in the opposite direction from the one in which it had been traveling. At this point, the plaintiff's car, which was traveling westerly, ran into the rear of the tractor. The front end of the plaintiff's car was extensively damaged, and the plaintiff sustained severe personal injuries. The court rendered judgment for the plaintiff as against

Keitham and County Line but found no liability on the part of Porto.

Keitham and County Line contend that there was insufficient evidence to justify the court's conclusion that the tractor's skid was caused by Keitham's negligence. The court found that he was "rolling along" and that he was following the trailer ahead of him within a distance of twenty feet and so closely that he could not see the traffic light at the intersection of Prudden Street turn red. It is also found that the tractor's brakes were defective when examined after the collision. Although skidding is not, standing by itself, evidence of negligence; *Lowell* v. *Daly,* 148 Conn. 266, 273, 169 A.2d 888; the court could, upon all the evidence and the reasonable inferences to be drawn therefrom, reasonably conclude that the negligence of Keitham and County Line caused the tractor to skid and that this negligence was the proximate cause of the plaintiff's injuries. *Fogarty* v. *E. J. Kelley Co.,* 125 Conn. 605, 609, 7 A.2d 851.

The court's conclusion that the plaintiff was not chargeable with contributory negligence is amply supported by the subordinate facts and especially by the finding that the tractor suddenly appeared immediately in front of him in his lane of traffic and "came to a stationary position on the highway."

Finally, County Line claims that the court erred in concluding that Keitham was its servant and not the servant of Porto. County Line employed Keitham as a night mechanic and paid his wages. County Line owned a number of tractors, including the one involved in this collision, which it leased to Porto. It was Keitham's duty to keep these tractors "moving" or "rolling," to repair them when they become disabled, and to substitute one in good condition

for any which might become disabled. On the morning in question, he made such a substitution in Stamford and was returning to County Line's repair shop in Wallingford in the "crippled" vehicle for the purpose of repairing it when the collision occurred. On these facts, the trial court reached the obvious and correct conclusion that, under a fair and reasonable interpretation of the contract between County Line and Porto, Keitham was in the course of performing his duties for his employer, County Line, at the time of the collision. He was not at that time engaged in the performance of a duty for Porto, as its agent.

There is no error.

In this opinion the other judges concurred.