91 N.J. Super. 184 (1966)
219 A.2d 625
TRAVELERS INSURANCE COMPANY AND KOWALSKY'S EXPRESS SERVICE, A NEW JERSEY CORPORATION, PLAINTIFFS-APPELLANTS,
v.
BRYANT W. TYMKOW, WALTER M. TYMKOW, NATIONWIDE INSURANCE COMPANY AND ALICE DUNCAN BROOKS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 25, 1966.
Decided May 12, 1966.
*185 Before Judges SULLIVAN, LEWIS and KOLOVSKY.
Mr. Burchard V. Martin argued the cause for appellants (Messrs. Taylor, Bischoff, Neutze & Williams, attorneys).
Mr. John A. Fratto argued the cause for respondents Bryant W. Tymkow, Walter M. Tymkow and Nationwide Insurance Company (Messrs. Bleakly, Stockwell & Zink, attorneys).
PER CURIAM.
The facts in this controversy between two insurance carriers are set forth in the opinion of the Chancery Division reported at 87 N.J. Super. 107 (1965). Proceedings for a declaratory judgment were initiated by Travelers Insurance Company and its named insured Kowalsky's Express Service, for a judicial determination as to defendant Nationwide Insurance Company's obligation to defend and indemnify Kowalsky in a motor vehicle negligence action *186 instituted by one Alice Duncan Brooks before the United States District Court for the District of New Jersey, in which proceedings Travelers is presently defending Kowalsky.
The trial court declined to presently adjudicate the issue of indemnity. Its judgment in that respect is affirmed.
We do not agree, however, with the court's conclusion that Nationwide does not owe a duty to Kowalsky to defend it in the federal court proceedings. The complaint in that suit alleged, inter alia:
"At the time and place of said collision, the motor vehicle owned by defendant Walter M. Tymkow and leased to defendant, Kowalsky's Express Service, was operated by defendant, Bryant W. Tymkow, as agent, servant or employee of the defendant, Kowalsky's Express Service."
Nationwide had issued its policy of insurance to Walter Tymkow. On a side of the involved vehicle was an I.C.C. registration certificate in the name of Kowalsky. Although Nationwide contends that the Tymkows were not at the time of the accident engaged in the performance of any service for the defendant Kowalsky, and were not authorized to utilize its I.C.C. identification plates, the trial court recognized the possibility that Nationwide might be liable under its insurance contract. In his decision the trial judge stated that "should the plaintiff Kowalsky be determined to be `legally responsible' in the personal injury action, the likelihood of which  in face of the facts before this court  seems minimal, plaintiff Travelers could then come before this court armed with that additional fact in an action for indemnification."
We are satisfied from our review of the record that Nationwide, under the terms of its policy, owes a duty to Kowalsky, as an additional insured, to defend it in the federal proceedings. Liability of the insured is not the criterion; rather, as enunciated in Ohio Cas. Ins. Co. v. Flanagin, 44 N.J. 504 (1965):
*187 "* * * the allegations of the damage complaint and the facts giving rise to the accident must `be laid alongside the policy and a determination made as to whether, if the allegations are sustained, the insurer will be required to pay the resulting judgment, and in reaching a conclusion, doubts should be resolved in favor of the insured.' Danek v. Hommer, supra, 28 N.J. Super., at p. 77. See 7A Appleman, Insurance Law and Practice § 4683 (1962)." (at p. 514)
If ultimately it be determined that the respective carriers have assumed excess coverage, a co-primary duty would exist on the part of each insurer to bear the costs of the defense. Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co., 28 N.J. 554, 562-563 (1959).
The judgment of the Chancery Division is modified accordingly.