105 N.J. Super. 525 (1969)
253 A.2d 487
ARNOLD RICCIARDI, GUARDIAN AD LITEM OF GARY RICCIARDI, INFANT, ET AL., PLAINTIFFS,
v.
JAMES J. BERNASCONI, ET AL., DEFENDANTS. JOSEPH BERNASCONI, GUARDIAN AD LITEM OF JAMES J. BERNASCONI, AN INFANT, THIRD-PARTY PLAINTIFF,
v.
AMERICAN HARDWARE MUTUAL INSURANCE COMPANY, A CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, AND THE HARTFORD INSURANCE GROUP, A CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 15, 1969.
*526 Mr. Kenneth S. Stein for defendant James J. Bernasconi and third-party plaintiff (Messrs. Hunziker and Hunziker, attorneys).
Mr. James H. Sanderson for third-party defendant American Hardware Mutual Insurance Company (Messrs. Sanderson and Cullen, attorneys).
Mr. Gordon L. Kent for third-party defendant Hartford Insurance Group (Messrs. Budd, Larner, Kent and Gross, attorneys).
MOUNTAIN, J.S.C.
Plaintiff in this suit is also defendant in a negligence action wherein a judgment is sought against him for injuries arising from an automobile accident in which he was the driver of one of the cars involved. Here he seeks a judgment against defendant carriers declaring that they are obligated to indemnify him for any liability arising out of the negligence action and that they are also required to provide him with a defense in that suit. The issues are the same with respect to each carrier. The first issue has already been decided against plaintiff, the court having concluded that he was not operating the car with the permission of its owner and hence did not qualify as an additional insured under the omnibus clauses in each of the policies. Now before the court is the question as to whether either carrier must supply a defense.
Plaintiff argues that he is entitled to be reimbursed for the costs of defending the negligence action incurred prior to the time this court determined that he was not an insured. He points out that the complaint in the negligence suit alleged that he had the necessary permission, and argues that whether or not an insurer must provide a defense in any particular litigation is to be determined by comparing the allegations in the complaint with the provisions of the policy. In support of this position he cites Danek v. Hommer, *527 28 N.J. Super. 68 (App. Div. 1953), affirmed 15 N.J. 573 (1954). There the opinion of the Appellate Division stated that
"[l]iability of the insured to the plaintiff is not the criterion; it is the allegation in the complaint of a cause of action which, if sustained, will impose a liability covered by the policy.
So in the resolution of the problem, the complaint should be laid alongside the policy and a determination made as to whether, if the allegations are sustained, the insurer will be required to pay the resulting judgment, and in reaching a conclusion, doubts should be resolved in favor of the insured." (at p. 77)
In that case, and in the many others like it, the carrier, in providing a defense, is simply responding to an obligation arising from the terms of the policy itself, namely that it will provide the insured with a defense even if the damage claim against him is groundless, false or fraudulent, where the allegations in the complaint portend a liability to the insured for which the policy affords protection. It should be clearly recognized that providing a defense under such circumstances is merely the performance by the insurer of a contractual obligation for which the insured bargained and for which he paid a consideration. The present case is very different. Here the court his reached a determination that the plaintiff is not an insured. There is seemingly no basis upon which his claim for benefits can be said to rest.
Nonetheless, as mentioned above, he urges that he is entitled to reimbursement for expenses entailed in defending the liability suit, at least to the extent of expenses incurred prior to this court's holding of noncoverage. Reliance is placed upon West v. MacDonald, 103 N.J. Super. 201, 212, 213 (App. Div. 1968) affirmed 52 N.J. 536 (1968), and Travelers Ins. Co. v. Tymkow, 91 N.J. Super. 184 (App. Div. 1966), modifying 87 N.J. Super. 107 (Ch. Div. 1965).
West v. McDonald is not dispositive of the present issue. There, as in Danek v. Hommer, supra, the party seeking a defense from the carrier was clearly an insured under the policy and the cause of action against which a defense was *528 sought was one which, as stated in the underlying complaint, constituted a risk covered by the policy.
Travelers Ins. Co. v. Tymkow is also distinguishable for at least two reasons. In the first place, and unlike the situation before this court, prior to the consideration of the issue as to whether a defense should be provided there had been no determination that defendant in the liability action was not an insured. The opinion below assumed that this decision would ultimately be reached in the damage suit then pending in the federal court, but as the opinion of the Appellate Division points out, there was no positive assurance that this would occur. In the second place, in Tymkow the factual and legal issue which would determine liability in the damage suit  whether the driver of the accident car was defendant's agent  was exactly the same as the factual and legal issue which would determine whether that defendant was an insured. Thus in defending the damage suit on the issue of agency the insurer was doing no more that it would be required to do in a declaratory judgment action seeking a declaration as to whether defendant in the damage suit was or was not an insured. Not so here. Not only has there been an adjudication that plaintiff is not an insured, but also the issues for decision in the damage suit do not embrace the single issue projected before this court, namely, whether the driver of the car was operating the vehicle with permission of the owner.
In support of the conclusion that a carrier owes no duty to defend one who cannot qualify as an insured there should be noted the authorities cited by the trial court in Tymkow, supra, and especially Butler v. Maryland Casualty Co., 147 F. Supp. 391 (E.D. La. 1956), and Southern Underwriters v. Dunn, 96 F.2d 224 (5 Cir. 1938).
Judgment will be entered upon all issues in favor of the defendant carriers, but without costs.