THOMAS KEITHAN *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued December 4, 1969—decided February 3, 1970

*David M. Reilly, Jr.,* for the appellant (defendant General Accident Fire and Life Assurance Corporation, Ltd.).

*Roger J. Frechette,* for the appellee-appellant (plaintiff).

*Kevin T. Gormley,* for the appellee (named defendant).

HOUSE, J.   This case is a sequel to *Werner* v. *Keitham,* 151 Conn. 673, 202 A.2d 150.   Despite the variance in the spelling of the name, the plaintiff in this action was the named defendant in that case. The corporate defendants in this case are two insurance companies which had issued automobile liability policies.   Massachusetts Bonding and Insurance Company, hereinafter referred to as Mass. Bonding, was the insurer for Porto Transport, Inc., a trucking company and common carrier hereinafter referred to as Porto.   General Accident Fire and Life Assurance Corporation, Ltd., hereinafter referred to as General Accident, was the insurer for County Line Rental Company, hereinafter referred to as County Line, which was engaged in the business of renting motor vehicles to Porto.

There is no dispute about the general facts giving rise to this appeal although they are not uncomplicated.   County Line by a lease agreement leased

several tractors to Porto to be used in interstate commerce. Under the terms of the lease it was County Line's obligation to maintain the leased tractors in good operating condition, to repair them and to furnish a substitute tractor within a reasonable time if any tractor leased to Porto became disabled. The lease provided that Porto was to notify County Line of mechanical trouble with any tractor in service and to refrain from operating such tractor until permission was given by County Line. The lease further provided that, in the event of a tractor breakdown on the road requiring emergency repairs at distant points, Porto should immediately notify County Line for authorization to have emergency repairs made. County Line agreed to furnish a substitute unit within a reasonable time for any equipment unit temporarily out of service. County Line maintained a repair shop in Wallingford for the purpose of maintaining and repairing the tractors, and Keithan was employed by County Line as a night mechanic in that repair shop.

During the night of August 29, or early morning of August 30, 1957, one of the tractors leased to Porto broke down on the road in Stamford. Keithan, the only employee of County Line on duty in its repair shop in Wallingford, was notified, and he drove a substitute tractor to the scene of the breakdown, where he made the substitution and then drove the "crippled" tractor back toward Wallingford for the purpose of repairing it. En route he was involved in an accident with an automobile operated by Joseph Werner. Werner subsequently sued Keithan, County Line and Porto. His complaint alleged that Keithan was the employee of both County Line and Porto and expressly alleged that Keithan was operating the tractor with the per-

mission of Porto. General Accident defended the suit on behalf of both County Line and Keithan, although its defense of Keithan was under a reservation since it claimed that its policy did not cover liability on the part of Keithan. Mass. Bonding defended on behalf of Porto but despite Keithan's request refused to defend Keithan or to give any explanation for its refusal. The trial in the action brought by Werner resulted in a judgment in his favor in the sum of $33,812.19 against both Keithan and County Line and in favor of Porto. On appeal to this court the judgment on the verdict was affirmed. *Werner* v. *Keitham*, 151 Conn. 673, 202 A.2d 150.

In the present case, the trial court took judicial notice of the entire file in Werner's case, including the briefs of the parties on appeal and included in its finding the following excerpt from the opinion of this court in that case (p. 676): "County Line employed Keitham as a night mechanic and paid his wages. County Line owned a number of tractors, including the one involved in this collision, which it leased to Porto. It was Keitham's duty to keep these tractors 'moving' or 'rolling,' to repair them when they become disabled, and to substitute one in good condition for any which might become disabled. On the morning in question, he made such a substitution in Stamford and was returning to County Line's repair shop in Wallingford in the 'crippled' vehicle for the purpose of repairing it when the collision occurred. On these facts, the trial court reached the obvious and correct conclusion that, under a fair and reasonable interpretation of the contract between County Line and Porto, Keitham was in the course of performing his duties for his employer, County Line, at the time of the collision.

He was not at that time engaged in the performance of a duty for Porto, as its agent."

Keithan made both General Accident and Mass. Bonding parties to this action and claimed by way of relief (a) $50,000 damages against Mass. Bonding; (b) a declaratory judgment determining whether he is an insured within the terms of the policy of insurance issued by Mass. Bonding to Porto; and (c) a declaratory judgment determining whether he is an insured within the terms of the policy of insurance issued by General Accident to County Line.

The court made a lengthy finding of facts from which it concluded that Keithan was using the disabled tractor with the permission of County Line and as its servant and agent and was therefore an insured under the omnibus clause of the policy issued by General Accident. It further concluded that he was not excluded under an endorsement to that policy, that he was not covered under the Mass. Bonding policy issued to Porto, that Mass. Bonding did not breach any contractual obligation to Keithan, and that County Line through its insurer, General Accident, had paid the original judgment in favor of Werner and that Keithan has paid nothing on that judgment and is not required to do so in the future. On the basis of these conclusions the court rendered judgment in favor of Mass. Bonding and by way of a declaratory judgment adjudged that Keithan was an insured within the terms of the insurance policy issued by General Accident to County Line but that he was not an insured within the terms of the policy issued by Mass. Bonding to Porto. From this judgment both General Accident and Keithan have taken appeals.

Although the appellants have asserted a total of

twenty-seven assignments of error, they are primarily directed to the conclusions reached by the court from the pleadings and its interpretation of the lease between County Line and Porto and of the two insurance policies. None of the three parties filed any appendix to their briefs containing any evidence in support of an attack on or a defense of the court's finding of fact. See Practice Book § 715. It is also pertinent to note that the mere fact that a plaintiff sees fit to institute an action for a declaratory judgment in no way operates to alter or shift the ordinary rules as to the burden of proof in civil actions, and a plaintiff may not avoid his burden of proof by choosing the procedure of such an action. *Hardware Mutual Casualty Co.* v. *Premo,* 153 Conn. 465, 471–72, 217 A.2d 698; *Holt* v. *Wissinger,* 145 Conn. 106, 109, 139 A.2d 353.

In the pleadings each of the defendant insurance companies expressly denied Keithan's allegation that the coverage afforded by its policy applied to Keithan in regard to the accident giving rise to Werner's suit. Each also denied Keithan's allegation that at the time of the collision Keithan was operating the tractor with the consent and permission of their respective insureds, Porto and County Line. These allegations by Keithan were, accordingly, in issue, and the burden of proof as to them remained with him.

The first briefed contention of General Accident is that Keithan was excluded from coverage under its policy because of a specially pleaded typewritten exclusionary endorsement to its policy which specified that coverage "shall not apply to any interests other than the named insured" in connection with the operation of vehicles while rented or leased to others. Thus, it is General Accident's contention

that, even though Keithan was an employee of County Line acting in the performance of his duties for his employer at the time of the collision and even though the policy in which, by endorsement, County Line was a named insured included as an additional insured any employee of the named insured while he was acting in the scope of his duties as such, nevertheless, since Keithan was not a "named insured" and because the vehicle was under lease to others, he was excluded from the policy's protection.

We find no merit to this contention of General Accident and note that none of the cases cited in support of it involved corporate "named insureds." The cases all concerned coverage under policies issued to a particular individual or individuals rather than to a corporation. As the trial court noted in its finding, County Line, the named insured, as a corporate entity could only act through its officers, agents and employees, such as Keithan, and none of them was excluded by the endorsement. Furthermore, as the court found, the tractor which Keithan was operating was out of service under the lease; Keithan, in returning it for repairs, was acting in the "interest" of County Line, whose contractual duty it was to keep it in repair; and in so doing Keithan was performing an operation necessary or incidental to the ownership, maintenance or use of County Line's premises as a repair shop and was thus additionally covered under division 1 of the "Definition of Hazards" contained in the General Accident policy. "A person operating an automobile as the agent of the owner within the scope of his agency must necessarily be operating with the permission of the owner." *Skut* v. *Hartford Accident & Indemnity Co.*, 142 Conn. 388, 394, 114 A.2d 681. We find no error in the conclusion and judgment

that Keithan was an insured within the terms of the policy issued by General Accident.

We turn now to the contentions of both appellants that the court erred in concluding that Keithan was not covered as an insured under the policy issued by Mass. Bonding to Porto. At the start we must differentiate between any duty on the part of Mass. Bonding to indemnify Keithan with respect to the judgment rendered against him as distinguished from any duty Mass. Bonding may have had to furnish him a defense in that action. See *Connecticut Co.* v. *Mongillo,* 144 Conn. 200, 204, 128 A.2d 528.

It is the contention of the appellants that liability on the part of Keithan was covered under the terms of the policy issued by Mass. Bonding to Porto and that the court was in error in not so finding. In support of their contention they assert that such coverage existed both because Keithan was operating the tractor with the permission of the named insured, Porto, and therefore was an additional insured under the omnibus clause of the policy and because of a special endorsement to the policy naming County Line as an additional insured. Both appellants assert in their briefs that "it affirmatively appeared in undisputed facts that [the] plaintiff was operating the vehicle with permission of the named insured, Porto Transportation Company." Both assert error in the express finding of the court to the contrary: "No employee of Porto or officer, or agent, thereof directed Keithan to return the crippled tractor to the terminal after Keithan made the switch at Stamford, nor did anyone connected with Porto direct or suggest to Keithan any action to be taken by him with said tractor. No one connected with Porto gave Keithan permission to operate the crippled tractor." It is unnecessary

here to consider the various meanings of the word "permission" as used in the context of a policy such as this. See *Tomasetti* v. *Maryland Casualty Co.,* 117 Conn. 505, 508, 169 A. 54; 45 C.J.S. 896, Insurance, § 829 (b); 12 Couch, Insurance (2d Ed.) § 45:342. Keithan expressly alleged that he was operating with Porto's permission, and Mass. Bonding denied it. The burden of proving the contested issue of permission therefore rested with Keithan. As we have noted, there is no appendix to the brief of either appellant containing their claimed evidence of undisputed facts that Keithan was operating with permission of Porto, the named insured. Under the circumstances, we cannot find error in the court's finding and conclusion that Keithan failed to sustain his burden of proving his status as an insured under the omnibus clause of the Mass. Bonding policy. Nor do we find merit to the further contention of the appellants that Keithan was afforded protection under the Mass. Bonding policy by virtue of an endorsement to it which added the interest of his employer, County Line. The court found that the provisions of that endorsement did not apply to this factual situation, where County Line's tractor was disabled and was being operated by one of its own employees in connection with its lease obligation to repair such a vehicle. We discover no error in this finding.

Having considered the appellants' contentions we find that there was no error in the conclusions and declaratory judgment of the court that Keithan was an insured within the terms of the General Accident policy issued to County Line but that he was not an insured within the terms of the Mass. Bonding policy issued to Porto. There remains for consideration the further claim of the appellants that, regard-

less of whether Keithan was or was not an insured under the Mass. Bonding policy, nevertheless he was entitled to a defense by that company in the action brought against him by Werner and that the company "broke its contract to defend the plaintiff where the terms of coverage fell within the allegations of the action previously brought for personal injury."

In support of this contention the appellants rely on a well-settled principle most recently reiterated in *Missionaries of the Company of Mary, Inc.* v. *Aetna Casualty & Surety Co.*, 155 Conn. 104, 113, 230 A.2d 21, and *Schurgast* v. *Schumann*, 156 Conn. 471, 242 A.2d 695. It applies where, as in the present case, the insurer not only has agreed "[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile" but also has agreed that, "[w]ith respect to such insurance as is afforded by this policy for bodily injury liability . . . the company shall: (a) defend any suit against the insured alleging such injury . . . and seeking damages on account thereof, even if such suit is groundless, false or fraudulent . . . ."

Where a complaint in an action against one insured under such a policy of liability insurance states a cause of action against the insured which appears to bring the claimed injury within the policy coverage, it is the contractual duty of the insurer to defend the insured in that action and that duty exists regardless of the duty of the insurer to indemnify. As we indicated in the *Missionaries* and *Schurgast* cases, under such circumstances, "when the insurer is requested by its insured to defend, the

insurer must exercise its judgment as to what is required of it under its contractual obligation to its insured. 'It could either refuse to defend or it could defend under a reservation of its right to contest coverage under the various avenues which would subsequently be open to it for that purpose. . . .' *Missionaries of the Company of Mary, Inc.* v. *Aetna Casualty & Surety Co.,* 155 Conn. 104, 113, 230 A.2d 21." *Schurgast* v. *Schumann,* supra, 490. In the *Missionaries* case, supra, 112, we quoted with approval the words of Judge Learned Hand in *Lee* v. *Aetna Casualty & Surety Co.,* 178 F.2d 750, 751 (2d Cir.), stating that the duty to defend means "that the insurer will defend the suit, if the injured party states a claim, which, qua claim, is for an injury 'covered' by the policy; it is the claim which determines the insurer's duty to defend; and it is irrelevant that the insurer may get information from the insured, or from any one else, which indicates, or even demonstrates, that the injury is not in fact 'covered.' The insurer has promised to relieve the insured of the burden of satisfying the tribunal where the suit is tried, that the claim as pleaded is 'groundless.' " See also *Andover* v. *Hartford Accident & Indemnity Co.,* 153 Conn. 439, 442, 217 A.2d 60; *Smedley Co.* v. *Employers Mutual Liability Ins. Co.,* 143 Conn. 510, 516, 123 A.2d 755, and cases cited in note, 50 A.L.R.2d 458, 468 § 6. Where an insurer is guilty of a breach of its contract to defend, it is liable to pay to the insured not only his reasonable expenses in conducting his own defense but, in the absence of fraud or collusion, the amount of a judgment obtained against the insured up to the limit of liability fixed by its policy. *Schurgast* v. *Schumann,* supra, 491; *Missionaries of the Company of Mary, Inc.* v. *Aetna Casualty & Surety Co.,* supra, 114;

*Jenkins* v. *Indemnity Ins. Co.*, 152 Conn. 249, 261, 205 A.2d 780; 7A Appleman, Insurance Law and Practice § 4689; see also note, 49 A.L.R.2d 694, 717 § 10, 721 § 12. It is the claim of the appellants that Keithan is entitled to the benefit of this rule; that, since Werner's complaint alleged that at the time Werner was injured Keithan was acting with the permission of Porto, it alleged facts bringing the accident within the coverage terms of Mass. Bonding's policy issued to Porto; that despite Keithan's request Mass. Bonding refused to defend him (although it did appear and defend Porto, its named insured); and that accordingly the company is liable for the costs of Keithan's defense and the amount of the judgment rendered against Keithan.

We have summarized the factual situation, the rule and the claims of the appellants in some detail because we have neither found nor has any party referred to us any Connecticut case which has involved consideration of the precise question now raised. Here it has been adjudicated that a party, Keithan, was in fact not an insured under a liability policy, but he nevertheless claims that the insurer under that policy owed him a duty of defense in a prior case because a third party, Werner, had alleged in that case facts which, had they been true, would have established that he was an insured under the policy and therefore entitled to a defense by the insurer which had contracted to "defend any suit against the insured."

It is of course obvious that by the commonly used omnibus clause the insurer has committed to the named insured through the right to grant permission a wide capacity to determine who will be accorded the status of an insured and under what circumstances coverage will be extended. The hazards of

proof on an issue of the existence of permission, the results which follow under the rule of the *Missionaries* case where an insurer in fact has the duty to defend and fails to do so, and the practicality of furnishing a defense under a reservation of rights suggest good reason why cases such as the present one have rarely arisen. The few courts which appear to have had occasion to consider the precise narrow issue now before us are not in harmony. On the one hand, *Holland America Ins. Co.* v. *National Indemnity Co.*, 75 Wash. 2d 909, 454 P.2d 383, *Allstate Ins. Co.* v. *Lumbermens Mutual Casualty Co.*, 204 F. Sup. 83 (D. Conn.), *Heyden Newport Chemical Corporation* v. *Southern General Ins. Co.*, 387 S.W.2d 22 (Tex.), and *Allstate Ins. Co.* v. *Gleason,* 50 Ill. App. 2d 207, 200 N.E.2d 383, hold that the insurer is under a duty to defend where the third party's complaint alleges facts which, if true, would bring the operator within the provisions of the policy as an insured. On the other hand, *Butler* v. *Maryland Casualty Co.*, 147 F. Sup. 391 (E.D. La.), *Smith* v. *Ins. Co. of State of Pa.*, 161 So. 2d 903 (La. App.), cert. denied, 246 La. 344, 164 So. 2d 350, *Southern Underwriters* v. *Dunn,* 96 F.2d 224 (5th Cir.), and *Ricciardi* v. *Bernasconi,* 105 N.J. Super. 525, 253 A.2d 487, hold to the contrary. In connection with the latter case see also *Travelers Ins. Co.* v. *Tymkow,* 91 N.J. Super. 184, 219 A.2d 625, modifying *Travelers Ins. Co.* v. *Tymkow,* 87 N.J. Super. 107, 208 A.2d 176.

As the court noted in *Smith* v. *Ins. Co. of State of Pa.*, supra, 919: "If the defendant is neither the named insured nor an omnibus insured there is clearly no obligation to defend regardless of the allegations of the petition and irrespective of the soundness or groundlessness of the claim asserted.

To hold otherwise is to completely erase from the policy the qualifying phrase 'against the insured,' contained in Clause II (a) . . . ." Also, as stated in *Travelers Ins. Co.* v. *Tymkow*, 87 N.J. Super. 107, 113, 208 A.2d 176: "It can certainly not have been the intention of the named assured . . . to provide insurance benefits for any and all alleged principals that an injured third party could dream up."

We find the logic and reasoning of such cases as the *Smith* case persuasive under the circumstances of the present case. Since Keithan was not an insured under the Mass. Bonding policy and since the contract duty of the insurer was limited to providing a defense to any suit "against the insured," Mass. Bonding performed its full contract duty in providing a defense to Porto, its insured, and was under no contract duty to provide a defense for an uninsured stranger to the contract such as Keithan, simply because a third party had alleged facts which, if true, would have given Keithan the status of an insured. The insurer contracted to defend the insured against a suit "even if such suit is groundless, false or fraudulent," and a breach of that agreement is the basis for liability imposed in such cases as *Missionaries of the Company of Mary, Inc.* v. *Aetna Casualty & Surety Co.*, 155 Conn. 104, 113, 230 A.2d 21. The insurer, Mass. Bonding, did not, however, contract to defend any party who is not in fact an insured, and since, as the court properly determined, Keithan was not an insured, Mass. Bonding owed him no duty of defense. The court properly rendered judgment for Mass. Bonding in Keithan's action against that company.

There is no error.

In this opinion the other judges concurred.