[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 118)
Plaintiff moves for summary judgment in this action to enforce a contract of insurance.
Plaintiff's amended complaint alleges that prior to April 28, 1983, in consideration of the premiums specified in the policy, the defendant, Liberty Mutual Insurance Company, issued to plaintiff, Deloris McNair and her husband, an insurance policy. In the policy, the defendant agreed to pay all sums up to and including $100,000 should the insured(s) become legally obligated to pay damages for bodily injury or property damage arising out of conduct covered by the policy. On April 28, 1983, Priscilla Pitts claimed that she was injured in an accident involving Deloris McNair and Pitts instituted an action against McNair to recover for these injuries.
In the first count of the complaint dated June 10, 1983 brought by Pitts against McNair, Pitts alleged that McNair beat and cut her with a sharp instrument and that this infliction of the injuries was "willful, wanton and malicious." The second count of the complaint alleged that Pitts was injured as a result of the negligence and carelessness of McNair. This is the conduct covered by the insurance policy according to McNair. McNair alleges giving Pitts' complaint to her attorney, David Esposito, and requesting that he forward a copy to her homeowner insurance carrier, the defendant in this instant action. On September 13, 1983, the defendant advised McNair that it would not cover the incident alleged in the complaint and therefore refused to defend the case. In Pitts' action against McNair, a verdict was rendered in favor of Pitts on May 12, 1987 awarding $100,000 as compensatory damages and $55,000 as punitive damages. Although the policy was allegedly in full force and effect on April 28, 1983, the defendant did not appear and defend McNair, notwithstanding the second count of the Pitts' complaint alleging that the injuries she sustained were the result of the negligent conduct of McNair.
The plaintiff, McNair, alleges in the first count of her complaint that the defendant had a duty to defend her and that because it breached its duty it is liable for the entire judgment CT Page 3116 plus interest, costs and attorney's fees McNair incurred in defending herself and in prosecuting the instant action. The plaintiff in count one is bringing this action pursuant to Connecticut General Statutes 38-175. The second count incorporates all of the allegations of count one and further alleges that the defendant's refusal to defend McNair constituted a breach of its express contract of insurance. Because the defendant wilfully and knowingly failed in its fiduciary duty to investigate the circumstances of the incident, to explore the possibilities of settlement and to negotiate a settlement in good faith within the policy limits, it is alleged the defendant breached its implied covenant of good faith and fair dealing. Count three alleges negligence on the part of the defendant. Count four alleges that the defendant's conduct constitutes a violation of CUIPA (Connecticut General Statutes 38-60 et seq.) and is therefore a violation of CUTPA (Connecticut General Statutes 42-110a et seq.).
The defendant filed an answer on August 10, 1989, to the original complaint sounding in three counts dated April 28, 1988. However, the defendant never filed an answer to the amended complaint. As a special defense, the defendant asserted that coverage with respect to the alleged incident is excluded within the pertinent policy issued to the plaintiff.
The plaintiff filed the motion for summary judgment on the grounds that there are no genuine issues of material fact to be resolved. The plaintiff also filed a memorandum of law in support of the motion along with documentary support including an affidavit by Delores McNair containing a statement of the facts, a copy of the complaint from the Pitts v. McNair case, and a copy of the insurance policy issued to the McNairs by Liberty Mutual. The defendants have filed an objection to the motion along with a memorandum in opposition and documentary support including affidavits by Priscilla Pitts and Rodney Shoaff, an employee of Liberty Mutual Insurance Company.
Connecticut Practice Book 379 requires the pleadings to be closed between the parties to the motion for summary judgment. See Procaccini v. Town of Darien, 16 Conn. Law Trib. No. 22, p. 30 (May 1, 1990, Landau, J.) (Summary Judgment denied as defendant did not answer the amended complaint and therefore pleadings are not closed). However, according to Connecticut Practice Book 177, if an adverse party fails to respond to an amended pleading, pleadings already filed by him shall be regarded as applicable so far as possible to the amended pleading (i.e. the original answer to the amended complaint). Because the original complaint sounded in only three counts, the defendant's answer never addressed the fourth count of the amended complaint. In the memorandum in opposition to the CT Page 3117 plaintiff's motion for summary judgment, the defendant does refer to the fourth count. Thus, the court finds that the pleadings are closed and the merits of the summary judgment motion are addressed.
In the plaintiff's memorandum of law in support of the motion for summary judgment, the plaintiff contends that the defendant had a duty to defend her in the underlying suit. The plaintiff argues that because it is the claim which determines this duty and because the claim was grounded in negligence as well as intentional tort, the defendant Liberty Mutual was bound by a legal duty to defend McNair with respect to the negligence count. The plaintiff asserts that because the defendant breached the contract, the defendant is liable for the plaintiff insured's expenses incurred as a result of having to conduct her own defense and the amount of the judgment rendered against the insured up to the limits of the policy.
The defendant counters that the plaintiff's motion is overbroad and ambiguous as it does not distinguish between any of the four counts pled or the issue of liability versus damages. The defendant argues that no evidence is presented as to the defendant's alleged bad faith (second count), negligence (third count), or of any general business practice that might rise to the level of an unfair trade practice (fourth count). Furthermore, the defendant contends that genuine issues of material fact exist as to the defendant's duty to defend.
Whether the defendant had a duty to defend the action brought by Pitts against McNair depends on whether the complaint in that action stated facts which appeared to bring the claimed injury within the policy coverage. See Missionaries of Co. of Mary, Inc. v. Aetna Casualty Surety Co., 155 Conn. 104, 110
(1967). "The duty to defend has a broader aspect than the duty to indemnify and does not depend on whether the injured party will prevail against the insured." Id. The general rule is that the duty to defend does not depend on the insurer's ultimate liability to pay. Id. at 112. Moreover, the duty to defend does not depend on facts disclosed by the insurer's independent investigation where the third party's complaint appears to be within the coverage. Id.
 As Judge Learned Hand has stated, the duty to defend means that the insurer will defend the suit, if the injured party states a claim, which, qua claim, is for an injury `covered' by the policy; it is the claim which determines the insurer's duty to defend; and it is irrelevant that the insurer may get information from the insured, or from anyone CT Page 3118 else, which indicates, or even demonstrates, that the injury is not in fact `covered.' The insurer has promised to relieve the insured of the burden of satisfying the tribunal where the suit is tried, that the claim as pleaded is `groundless.'
Id. (citation omitted).
Furthermore, "where a complaint in an action against one to whom a policy of liability insurance has been issued states different causes of action or theories of recovery against the insured, and one such cause is within the coverage of the policy but others may not be within such coverage, the insurer is bound to defend with respect to those which, if proved, are within the coverage." (citations omitted) Schurgast v. Schumann,156 Conn. 471, 490 (1968). If an insurer breaches its contract to defend, it is liable to pay to the insured not only his reasonable expenses in conducting his own defense, but absent fraud or collusion, the amount of a judgment obtained against the insured up to the liability limit of the policy. Keithan v. Massachusetts Bonding Ins., Co., 159 Conn. 128, 139 (1970).
"Section II — Liability Coverages" of the policy issued to the McNairs, a copy of which has been submitted in support of the plaintiff's motion for summary judgment, states that:
COVERAGE E — Personal Liability
 If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will :
 1. pay up to our limit of liability for the damages for which the insured is legally liable; and
 2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.
Under "Section II — Exclusions" the policy states that CT Page 3119 "[m]edical [p]ayments to [o]thers do not apply to bodily injury or property damage: a. which is expected or intended by the insured."
The plaintiff has moved for summary judgment on the grounds that "there are no genuine issues of material fact to be resolved." The memorandum of law in support of the motion addresses only the issue of the defendant's duty to defend and does not specifically address the four counts of the complaint. Count one of the complaint states that this action is being brought pursuant to Connecticut General Statutes 38-175 (now38a-321) which reads:
Sec. 38a-321. (Formerly Sec. 38-175).
Liability of insurer under liability policy.
 Each insurance company which issues a policy to any person, firm or corporation, insuring against loss or damage on account of the bodily injury or death by accident of any person, or damage to the property of any person, for which loss or damage such person, firm or corporation is legally responsible, shall, whenever a loss occurs under such policy, become absolutely liable, and the payment of such loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, damage or death occasioned by such casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured after the assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void. Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment.
This statute, deemed the `direct action' statute, was enacted to protect those injured by judgment proof insureds by subrogating the injured party to the rights of the assured against the insurer. Brown v. Employer's Reinsurance Corporation, 206 Conn. 668,672 (1988). "The intention of the Act is to give the injured person the same rights under the policy as the assured. . . ." Id. Thus, the appropriate party to bring an action pursuant to this statute would be the injured party, Priscilla Pitts. Furthermore, the plaintiff has not met her burden of showing the nonexistence of any genuinely disputed material facts as to her allegations of bad faith, negligence or CUIPA/CUTPA.
Summary judgment is an attempt to dispose of cases involving sham or frivolous issues and is ill adapted to cases of a complex nature. United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 375 (1969). Summary judgment is to be denied where there exist "genuine issues of fact and inferences of mixed law and fact to be drawn from the evidence before the court." Id. at 379.
Accordingly, the Motion for Summary Judgment is denied.
Stuart M. Schimelman, Judge CT Page 3120