[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#107)AND DEFENDANT HARTFORD INSURANCE COMPANY'S CROSS MOTION FOR SUMMARY JUDGMENT(#124)
This declaratory judgment action arises out of a motor vehicle accident on February 7, 1993. On December 13, 1995, the plaintiff, National Grange Mutual Insurance Company (National Grange), filed a two-count complaint against the defendants, Hartford Insurance Company of the Midwest (Hartford), AIU Insurance Company (AIU), Lorraine Merola, Arnold Hubelbank, Richard Brown and Daniel Brown. In the underlying case, Lorraine Merola brought suit against Daniel Brown for injuries sustained in an automobile accident allegedly caused by Daniel Brown's negligence. Lorraine Merola has brought a claim for uninsured motorist coverage arising out of the accident under a policy issued by the plaintiff, National Grange. National Grange now seeks a declaration from the Superior Court that Hartford and AIU have an obligation to defend and indemnify Daniel Brown in connection with the claim brought against him by Lorraine Merola.
The first count is directed at Hartford. The plaintiff alleges that Hartford issued a policy of automobile insurance to Arnold and Pearl Hubelbank that was in effect at the time of the accident. According to the plaintiff, Daniel Brown is the grandson of Arnold and Pearl Hubelbank and at the time of the accident he was operating the Hubelbanks' motor vehicle. At the time of and for some time prior to the accident, the plaintiff alleges that Daniel Brown and Arnold and Pearl Hubelbank were residents of the same household. Under the terms of the policy and pursuant to General Statutes § 38a-335(d), the plaintiff claims that Hartford is obligated to defend and indemnify Daniel Brown in connection with the lawsuit brought by Lorraine Merola as a resident relative of the named insured, Arnold Hubelbank.
The second count is directed at AIU. The plaintiff alleges that Daniel Brown is the son of Richard Brown and resided in the same household at the time of the accident. According to the plaintiff, AIU had issued a policy of automobile insurance to Richard Brown as named insured. The plaintiff claims that because AIU paid other claims against Daniel Brown arising out of the same accident and under the same policy, AIU is now barred by the doctrines of waiver and/or estoppel from denying coverage to CT Page 5683 Daniel Brown with respect to the claim by Lorraine Merola.
On February 22, 1996, Hartford filed an answer denying the plaintiff's allegations that Hartford was obligated to defend and indemnify Daniel Brown. Lorraine Merola filed an answer on March 6, 1996, denying sufficient information to form a belief as to the defendant insurance companies' obligation to defend and indemnify Daniel Brown and leaving the plaintiff to its proof. On March 11, 1996, AIU filed an answer denying the plaintiff's allegations that it had an obligation to defend and indemnify Daniel Brown. Finally, on March 14, 1996, Arnold Hubelbank filed an answer in which he did not; respond to the allegations of the complaint on the ground that they make no claim against him.
On February 6, 1996, the plaintiff filed a motion for summary judgment (#107) as to count one of the complaint on the ground that Hartford, as the insurer for Daniel Brown's grandfather, Arnold Hubelbank, had a duty to defend and indemnify Daniel Brown because he was a relative of Arnold Hubelbank and they resided in a common household at the time of the accident. Having failed to defend Daniel Brown, the plaintiff claims that Hartford breached its duty and must now indemnify Daniel Brown with respect to the claim by Lorraine Merola. In support of this motion, the plaintiff filed a memorandum of law along with copies of Lorraine Merola's complaint and amended complaint in her claim against National Grange, a copy of a letter from Hartford denying coverage for the claim against Daniel Brown, and uncertified copies of the deposition transcripts of Daniel and Richard Brown. Hartford filed an opposing memorandum of law on March 6, 1996, along with a copy of the insurance policy issued to the Hubelbanks, uncertified copies of the deposition transcripts of Daniel and Richard Brown, and a copy of a map of West Haven, Connecticut.
On March 22, 1996, Hartford filed a cross motion for summary judgment (#124) as to count one of the complaint on the ground that Daniel Brown was not insured under Hartford's automobile liability insurance policy. In support of this motion, Hartford filed a memorandum of law along with a copy of the insurance policy issued to the Hubelbanks, uncertified copies of the deposition transcripts of Daniel and Richard Brown, uncertified copies of the deposition transcripts of Arnold and Pearl Hubelbank, and a copy of a map of West Haven, Connecticut. On April 3, 1996, National Grange filed a memorandum of law in opposition to Hartford's motion for summary judgment and in CT Page 5684 support of its own motion for summary judgment along with an excerpt from the legislative history of General Statutes §38a-335(d) and uncertified copies of the deposition transcripts of Arnold and Pearl Hubelbank.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
In its supporting memorandum, the plaintiff claims that the existence of an insurer's duty to defend depends solely upon the allegations of the underlying complaint. The plaintiff argues that because General Statutes § 38a-335(d) requires that the liability coverage afforded to the insured vehicle under any such motor vehicle insurance policy "apply to the named insured and relatives residing in his household unless any such person is specifically excluded by endorsement," and the allegations of Lorraine Merola's complaint in the underlying action do not negate coverage, Hartford was obligated to defend Daniel Brown. The plaintiff claims that this result is not changed by the alleged non-permissive use of the Hubelbank vehicle by Daniel Brown because the exclusion for non-permissive use does not apply to resident relatives. According to the plaintiff, where an insurer has a duty to defend and breaches that duty, it is liable for any judgment up to the limit of its policy. Plaintiff's Memorandum, p. 5, citing Schurgast v. Schumann, 156 Conn. 471,491, 242 A.2d 695 (1968); Missionaries of Co. of Mary. Inc. v.Aetna Casualty Surety Co., 155 Conn. 104, 114, 230 A.2d 21
(1967). Therefore, National Grange argues that because Hartford had a duty to defend Daniel Brown and failed to do so, it must now indemnify him regardless of any otherwise applicable defense to indemnification.
In its opposing memorandum, Hartford argues that it had no CT Page 5685 duty to defend or indemnify Daniel Brown and that a carrier is not bound by the allegations of a third party as to whether the tortfeasor is an insured and thus covered under the carrier's policy. Defendant's Opposing Memorandum, pp. 3-4, citing Keithanv. Massachusetts Bonding Ins. Co., 159 Conn. 128, 142,267 A.2d 660 (1970). Relying on Keithan v. Massachusetts Bonding Ins.Co., Hartford argues that where a party is not an insured, even if the allegations of a third party, had they been true, would have established that the party was an insured, such a party is not owed a defense and, therefore, is not entitled, to indemnification or defense costs. According to Hartford, insurance carriers are permitted to make inquiry and look beyond the allegations of the underlying complaint to determine whether a tortfeasor is an insured, and only if a carrier's determination is wrong and coverage actually exists is the carrier liable for indemnification and defense costs. Therefore, Hartford claims that it was entitled to look beyond the allegations of the underlying complaint and investigate whether Daniel Brown was an insured under the policy.
The general rule in Connecticut is that where an injured party "states a cause of action against the insured which appears to bring the claimed injury within the policy coverage, it is the contractual duty of the insurer to defend the insured in that action and that duty exists regardless of the duty of the insurer to indemnify." Keithan v. Massachusetts Bonding Ins. Co.,159 Conn. 128, 138, 267 A.2d 660 (1970). "[T]he duty to defend means that the insurer will defend the suit, if the injured party states a claim, which, qua claim, is for an injury `covered' by the policy; it is the claim which determines the insurer's duty to defend; and it is irrelevant that the insurer may get information from the insured, or from any one else, which indicates, or even demonstrates, that the injury is not in fact covered. The insurer has promised to relieve the insured of the burden of satisfying the tribunal where the suit is tried, that the claim as pleaded is `groundless.'" (Internal quotation marks omitted.) Id., 139. "Where an insurer is guilty of a breach of its contract to defend, it is liable to pay to the insured not only his reasonable expenses in conducting his own defense but, in the absence of fraud or collusion, the amount of a judgment obtained against the insured up to the limit of liability fixed by its policy." Id.
The plaintiff claims that Daniel Brown is entitled to the benefit of the above rule as a resident relative of the named CT Page 5686 insured, Arnold Hubelbank. Accordingly, the plaintiff argues that Hartford is liable for the costs of Daniel Brown's defense and the amount of the judgment rendered against him.
Nevertheless, the court in Keithan v. Massachusetts Bonding Ins. Co., supra, 159 Conn. 141-42, emphasized that "[i]f the defendant is neither the named insured nor an omnibus insured there is clearly no obligation to defend regardless of the allegations of the petition and irrespective of the soundness or groundlessness of the claim asserted. To hold otherwise is to completely erase from the policy the qualifying phrase `against the insured'. . . ." (Internal quotation marks omitted.) Id., 141-42. "It can certainly not have been the intention of the named assured . . . to provide insurance benefits for any and all alleged principals that an injured third party could dream up. " (Internal quotation marks omitted.) Id., 142. Thus, regardless of the allegations of the underlying complaint, unless the defendant is an insured under the terms of the policy, the insurer has no obligation to defend.
In Keithan v. Massachusetts Bonding Ins. Co., supra,159 Conn. 128, the plaintiff brought a declaratory judgment action against the defendant insurer, Massachusetts Bonding, to determine whether he was an insured within the meaning of the defendant's automobile liability insurance policy or, even if he was not an insured, whether he was entitled to a defense by the defendant. Keithan was involved in an automobile accident while driving a disabled vehicle leased by his employer to the defendant's insured. The trial court had determined that Keithan was not an insured, under the terms of the defendant's policy. Id., 140. "Since Keithan was not an insured under the Mass. Bonding policy and since the contract duty of the insurer was limited to providing a defense to any suit `against the insured,' [the court concluded that] Mass. Bonding performed its full contract duty in providing a defense to Porto, its insured, and was under no contract duty to provide a defense for an uninsured stranger to the contract such as Keithan, simply because a third party had alleged facts which, if true, would have given Keithan the status of an insured." Id., 142. Although "[t]he insurer contracted to defend the insured against a suit `even if such suit is groundless, false or fraudulent,'" the court reasoned that the insurer did not "contract to defend any party who is not in fact an insured, and since, as the court properly determined, Keithan was not an insured, Mass. Bonding owed him no duty of defense." Id. Therefore, the court affirmed the trial court's CT Page 5687 judgment in favor of Massachusetts Bonding in Keithan's action for declaratory judgment.
In the present case, unlike Keithan, a determination has not yet been made as to whether Daniel Brown is an insured under the terms of the Hartford policy, and thus whether Hartford had a duty to defend. Based on the holding in Keithan, unless Daniel Brown is found to be an insured under the terms of the Hartford policy, i.e., a resident relative of the named insured, Arnold Hubelbank, Hartford is under no obligation to defend Daniel Brown. If, however, Daniel Brown is found to be an insured by virtue of his status as a resident relative of the named insured, then the exclusion in the policy for non-permissive use relied on by the defendant would be inapplicable. See Defendant's Supporting Memorandum, Exhibit A, Insurance Policy, § I, ¶ C ("We do not provide Liability Coverage for any person: 8. Using a vehicle without a reasonable belief that that person is entitled to do so. This Exclusion (A. 8.) does not apply to a family member using your covered auto which is owned by you."). The parties do not dispute that Daniel Brown is a relative of the Hubelbanks. Accordingly, the resolution of both the plaintiff's and the defendant's motions for summary judgment rests on the determination of whether Daniel Brown and Arnold Hubelbank reside in the same household.
In its supporting memorandum, National Grange argues that the undisputed facts establish that Daniel Brown is a relative of Arnold Hubelbank residing in the same household as the insured and, therefore, must be covered under the Hubelbanks' Hartford automobile policy pursuant to General Statutes § 38a-335(d). Although the Hubelbanks and Browns maintained separate domiciles, the plaintiff claims that the residence arrangements of the families overlap such that they share a common household.
In its opposing memorandum, Hartford argues that although Daniel Brown is a relative of Hartford's insured, he was not a "resident relative" because he did not reside with the insured and, therefore, is not covered under Hartford's policy. According to Hartford, the determination of residence is a factual determination based on the criteria set forth in Middlesex MutualAssurance Co. v. Walsh, 218 Conn. 681, 686-87, 590 A.2d 957
(1991) and Griffith v. Security Ins. Co., 167 Conn. 450, 455-57,458, 356 A.2d 94 (1975). Hartford claims that an examination of these factors in the present case clearly demonstrates that Daniel Brown was not a resident of the same household as Arnold CT Page 5688 Hubelbank. Although the Browns and Hubelbanks may have enjoyed a close family relationship, Hartford argues that the undeniable conclusion here is that they were not residents of the same household.
In its memorandum in support of its cross motion for summary judgment, Hartford argues further, based on the criteria set forth in Middlesex Mutual Assurance Co. v. Walsh and Griffith v.Security Ins. Co. for determining whether a person resides in a particular household, that Daniel Brown clearly was not a resident of the household of Arnold Hubelbank. Furthermore, the defendant claims that Daniel Brown stipulated to the fact that he was not using the Hubelbank vehicle with a reasonable belief that he was entitled to do so.[1] Accordingly, Hartford argues that it owes no duty to defend or indemnify Daniel Brown because he was not a relative who resided with the insured nor was he a permissive user of the Hubelbanks' vehicle and, thus, that summary judgment should enter in Hartford's favor.
In response to the defendant's cross motion, National Grange argues that Hartford's duty to defend is governed by the injured party's complaint and the terms of the policy. The plaintiff contends that Hartford's obligation to Daniel Brown is created by General Statutes § 38a-335(d) and must be interpreted in a manner consistent with the statute's intent. According to the plaintiff, the clear purpose of § 38a-335(d) "is to prevent insurers from denying coverage where, because of his involvement in and relationship with the household, a minor such as Daniel Brown has the ability to take the insured vehicle and cause injury." Plaintiff's Opposing Memorandum, p. 9. Under the terms of the policy and the statute, the plaintiff claims that Hartford cannot disclaim coverage in this circumstance.
The basic question in this case is whether the insured, Arnold Hubelbank, and his grandson Daniel Brown were residents of the same household such that Daniel was an insured under the terms of the Hartford policy. The determination of "whether on a given state of facts individual persons are members of a particular household" depends "upon the particular factual circumstances involved." Griffith v. Security Ins. Co., supra,167 Conn. 458. The Connecticut Supreme Court has "construed the unambiguous phrase `resident of the same household' in its common and ordinary sense as defined in Webster's Third New International Dictionary: those who dwell under the same roof and compose a family: a domestic establishment; specif: a social unit CT Page 5689 comprised of those living together in the same dwelling place." (Internal quotation marks omitted.) Middlesex Mutual AssuranceCo. v. Walsh, supra, 218 Conn. 686. The determination of residency rests on the evaluation of "dual considerations" — whether the claimant had a "close, family-type relationship with the inhabitants of that household" and whether "he actually lived in the household." Id.
The ultimate determination as to whether an individual is a resident of a household rests upon the evaluation of a "conglomeration of factors." Id., 687. In Griffith v. SecurityIns. Co., supra, 167 Conn. 450, the issue was whether the claimant's father was a resident of his ex-wife's household such that their son would be able to make a claim under the father's policy. Among the objective factors considered relevant by the court were the frequency of the father's contact with the inhabitants of the household, the frequency of overnight visits and meals consumed there, that he maintained a separate apartment and kept the bulk of his personal belongings, personal and business records and received mail at his apartment address, and that he used the apartment address for formal purposes such as voting, motor vehicle registration and paying income tax.Middlesex Mutual Assurance Co. v. Walsh, supra, 218 Conn. 686-87 (court adhered to the Griffith court's approach to the issue of household residence). "[S]tatements expressing the intent of a claimed resident as to where he or she lives are merely one factor among many to be considered in determining household residence." Id., 687;
Applying the above principles to the facts in the Griffith
case, the court concluded that although there was a close paternal relationship between the father and his son, the uncontested findings indicated that the father maintained a separate residence one-half mile away and, therefore, that they were not members of the same household. Griffith v. Security Ins.Co., supra, 167 Conn. 455. In Middlesex Mutual Assurance Co. v.Walsh, however, the court concluded that substantial evidence supported the arbitrators' determination that the defendant's son, who suffered from chronic schizophrenia, was a resident of the defendant's household, despite his periodic wandering and statements to the contrary, and therefore was entitled to uninsured motorist benefits. This determination was based on a variety of objective factors indicating that the son actually lived in the household, including the fact that he had his own bedroom there in which no one else slept and that his clothes and CT Page 5690 personal possessions always remained there. Middlesex MutualAssurance Co. v. Walsh, supra, 218 Conn. 688.
Both parties in the present case essentially rely on uncertified copies of the deposition transcripts of Richard and Daniel Brown in support of their motions for summary judgment. The defendant has also submitted uncertified copies of the deposition transcripts of Arnold and Pearl Hubelbank in support of its motion. Practice Book § 380 provides, however, that: "A motion for summary judgment shall be supported by such documents as may be appropriate, including . . . affidavits,certified transcripts of testimony under oath, disclosures, written admissions and the like." (Emphasis added.) Therefore, deposition testimony submitted in support of a motion for summary judgment must be certified. Practice Book § 380; Oberdick v.Allendale Mutual Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 282791 (August 25, 1993, Celotto, J., 9 Conn. L. Rptr. 607, 608) ("Uncertified copies of excerpts of deposition transcripts are not admissible as evidence and do not comply with the requirements of Practice Book § 380.") Because "[o]nly evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment";Home Ins. Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202-03; the court cannot consider the deposition testimony submitted by the parties.
Furthermore, on a summary judgment motion, even certified deposition testimony has limited evidentiary value for the court. In concluding that deposition testimony is insufficient for the purposes of a motion for summary judgment, the court in Espositov. Wethered, 4 Conn. App. 641, 645, 496 A.2d 222 (1985), stated: "The primary purpose of a deposition . . . is discovery. . . . A response to a question propounded in a deposition is not a judicial admission. General Statutes § 52-200. At trial, in open court, the testimony of . . . [the deponent] may contradict her earlier statement and a question for the jury to decide may then emerge." (Citations omitted.) See also Oberdick v. AllendaleMutual Ins., supra, 9 Conn. L. Rptr. 608 (court emphasized that even certified copies of deposition transcripts would not be sufficient to support or oppose a motion for summary judgment).
"The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitled him to judgment as a matter of law. To satisfy his CT Page 5691 burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984). Both the plaintiff and the defendant, by relying on uncertified deposition transcripts, have failed to meet this burden since neither party has presented sufficient evidence for the court to determine whether Daniel Brown is a resident of the same household as Arnold Hubelbank. Accordingly, a material issue of fact exists as to whether Daniel Brown is; an insured under the terms of the Hartford policy (i.e., a resident relative of the named insured), and, therefore, that both the plaintiff's and the defendant's motions for summary judgment are denied.
Joseph A. Licari, Jr., Judge