CITY OF NEW HAVEN *v.* EDMUND L. PANTANI ET AL.
(AC 25294)

Lavery, C. J., and Schaller and DiPentima, Js.

Argued January 20—officially released June 21, 2005

*Edmund L. Pantani*, pro se, the appellant (named defendant).

*Yusef Poole*, assistant corporation counsel, for the appellee (plaintiff).

*Opinion*

LAVERY, C. J. The defendant Edmund L. Pantani[1] appeals from the judgment of foreclosure by sale ren-

---

[1] The department of revenue services, the South Central Connecticut Regional Water Authority and the water pollution control authority also were defendants in the underlying action, but are not parties to this appeal. We therefore refer in this opinion to Pantini as the defendant.

dered after the trial court granted the motion for summary judgment filed by the plaintiff, the city of New Haven. The defendant claims that the court improperly determined that the documentation submitted with the motion for summary judgment was adequate[2] and that the judgment should be reversed because it was based on the improper granting of the summary judgment motion. We reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. The defendant is the owner of real property in New Haven. In 1992, the defendant filed a successful tax appeal to dispute the assessed value of that property, which the court found to be $81,000. The parties disagree over whether the tax collector corrected his records to reflect the change in value. The defendant claims that the former tax collector, Salvatore A. Calderaro, confirmed that a revision had not been made to conform to the court's order. The defendant also claims that the tax collector agreed to produce the corrected figures and promised that there would be no penalties, interest or fees until the corrections had been made. Calderaro was later replaced as tax collector, and the new tax collector has not continued negotiations with the defendant. The plaintiff alleges that the tax amounts were corrected and that the defendant has been billed correctly. There is no dispute that the defendant has not paid property taxes on the property since 1990.

The plaintiff brought this action to foreclose municipal tax liens recorded against the subject property. The defendant filed special defenses to the complaint, alleging, inter alia, incorrect billings by the plaintiff that stemmed in part from successful tax assessment

---

[2] The defendant also claims that the court improperly determined that there existed no genuine issues of material fact. We do not address that claim because our resolution of the defendant's first claim is dispositive.

appeals to the Superior Court. The defendant alleged that the incorrect billings were not corrected in time for him to pay such taxes without also paying interest and penalties, which the prior tax collector had promised would be waived. The plaintiff thereafter filed a motion for summary judgment, which the court granted as to liability only on December 29, 2003. On March 8, 2004, the court rendered judgment of foreclosure by sale.

The defendant claims that the plaintiff's motion for summary judgment was filed improperly, given that the plaintiff did not file signed, supporting affidavits, certified transcripts, disclosures or written admissions pursuant to Practice Book § 17-45. The defendant argues that absent admissible supporting documentation, the motion is invalid. We agree.

Practice Book § 17-45 provides in relevant part that "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. . . ." That section does not mandate that those documents be attached in all cases, but we note that "[o]nly evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202–203, 663 A.2d 1001 (1995). In fact, we have held that "Practice Book § [17-45], although containing the phrase 'including but not limited to,' contemplates that supporting documents to a motion for summary judgment be made under oath or be otherwise reliable. . . . [The] rules would be meaningless if they could be circumvented by filing [unauthenticated documents] in support of or in opposition to summary judgment." *United Services Automobile Assn.* v. *Marburg*, 46 Conn. App. 99, 107–108, 698 A.2d 914 (1997).

Therefore, before a document may be considered by the court in support of a motion for summary judgment, "there must be a preliminary showing of [the document's] genuineness, i.e., that the proffered item of evidence is what its proponent claims it to be. The requirement of authentication applies to all types of evidence, including writings . . . ." Conn. Code Evid. § 9-1 (a), commentary. Documents in support of or in opposition to a motion for summary judgment may be authenticated in a variety of ways, including, but not limited to, a certified copy of a document or the addition of an affidavit by a person with personal knowledge that the offered evidence is a true and accurate representation of what its proponent claims it to be. In this case, the plaintiff submitted numerous exhibits in support of its motion for summary judgment. The plaintiff failed, however, either to attach an affidavit attesting to the truth and accuracy of the various submissions or to provide certified copies of any of the documents.

Additionally, Practice Book § 10-70 (b) specifically provides that "[w]hen the lien has been continued by certificate, *the production in court of the certificate of lien, or a certified copy thereof,* shall be prima facie evidence that all requirements of law for the assessment and collection of the tax or assessment secured by it, and for the making and filing of the certificate, have been duly and properly complied with. Any claimed informality, irregularity or invalidity in the assessment or attempted collection of the tax, or in the lien filed, shall be a matter of affirmative defense to be alleged and proved by the defendant." (Emphasis added.) The plaintiff relied heavily on its submission of copies of certificates of liens on the subject premises from 1991 through 2001, but the plaintiff failed to submit either an original certificate of lien or a certified copy as required by Practice Book § 10-70.

Therefore, the documentation attached to the plaintiff's motion for summary judgment was not authenticated and would not be admissible at a trial. "It is especially appropriate to hold an affidavit [or supporting documentation] submitted by a moving party to a stringent standard." *Evans Products Co.* v. *Clinton Building Supply, Inc.*, 174 Conn. 512, 516, 391 A.2d 157 (1978). Thus, the court should not have considered that evidence in support of the plaintiff's motion for summary judgment because of the violation of Practice Book § 17-45. In conclusion, the plaintiff did not establish a prima facie case because of the deficiency in the documents, especially the certificates of lien, and its motion for summary judgment should have been denied.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.