### ALLSTATE INSURANCE COMPANY v. PATRICIA R. DEVIN ET AL.

Superior Court, Judicial District of Windham
File No. CV-05-4003623S

Memorandum filed November 15, 2006

*Howard, Kohn, Sprague & Fitzgerald,* for the plaintiff.

*St. Onge & Brouillard,* for the named defendant.

*Robert M. Elliott, PC,* for defendant Kelly D. Devin.

MARTIN, J. In the present case, the plaintiff, Allstate Insurance Company (Allstate), seeks a declaration that it owes no duty to defend or indemnify the named defendant, Patricia R. Devin, in an underlying action brought against her by codefendant Kelly D. Devin for an alleged assault and battery on January 29, 2005. The plaintiff filed a complaint against both Patricia R. Devin and Kelly D. Devin on October 4, 2005, alleging the following facts in its complaint. The defendant[1] purchased a homeowner's policy (policy) from the plaintiff that covered against "damages because of bodily injury caused by an 'occurrence' to which the policy applies." The policy, however, did not cover bodily injury or property damage resulting from the intentional or criminal acts of the insured.

The plaintiff claims that in 2005, the codefendant commenced an action against the defendant, alleging assault, battery, negligence, negligent infliction of emotional distress and intentional infliction of emotional distress in a four count complaint (underlying complaint). The codefendant allegedly sustained injuries as a result of the defendant's conduct on January 29, 2005, when the codefendant, the current spouse of Rene Devin, and the defendant got into an argument, resulting in the alleged injuries to the codefendant.

The plaintiff alleges in its complaint that these actions, which resulted in bodily injury to the codefendant, do not constitute an occurrence under the provisions of its policy with the defendant and, therefore, are

[1] Hereinafter, all references to the defendant in this memorandum of decision will refer to Patricia R. Devin only.

not covered under the policy. In addition, the defendant acted intentionally, and these actions are, therefore, also excluded from coverage. Because the defendant's conduct is not covered under the policy as an occurrence and because it is also excluded from coverage, the plaintiff seeks a declaration from the court that it owes no duty to defend or indemnify the defendant in the underlying cause of action.

On April 5, 2006, the plaintiff filed a motion for summary judgment on the grounds that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law because (1) the codefendant's complaint does not allege an occurrence within the meaning of the policy and (2) the facts alleged in her complaint resulted from the defendant's intentional or criminal acts and, thus, are excluded from coverage under the policy. The plaintiff filed a memorandum of law and the following exhibits in support of its motion: its policy with the defendant[2] and the codefendant's complaint against the defendant in the underlying cause of action.[3]

---

[2] Attached to a copy of the policy is an affidavit from an employee of the plaintiff certifying that the policy submitted in support of the plaintiff's motion is a copy of its policy with the defendant. This evidence is admissible as a business record. General Statutes § 52-180. See *New Haven* v. *Pantani*, 89 Conn. App. 675, 679, 874 A.2d 849 (2005) ("[B]efore a document may be considered by the court in support of a motion for summary judgment, there must be a preliminary showing of [the document's] genuineness, i.e., that the proffered item of evidence is what its proponent claims it to be. The requirement of authentication applies to all types of evidence, including writings. . . . Documents in support of or in opposition to a motion for summary judgment may be authenticated in a variety of ways, including, but not limited to, a certified copy of a document or the addition of an affidavit by a person with personal knowledge that the offered evidence is a true and accurate representation of what its proponent claims it to be." [Citation omitted; internal quotation marks omitted.]).

[3] This court takes judicial notice of the codefendant's complaint in *Devin* v. *Devin*, Superior Court, judicial district of Windham at Putnam, Docket No. CV-05-4002643, the underlying lawsuit. "[A] court may properly take judicial notice of relevant court files involving the same defendant." *State* v. *Carey*, 228 Conn. 487, 497, 636 A.2d 840 (1994).

On April 19, 2006, the defendant filed an affidavit together with a memorandum of law in opposition to the plaintiff's motion.

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Smith* v. *Greenwich*, 278 Conn. 428, 463–64, 899 A.2d 563 (2006).

"[I]n seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle[s] him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent." (Internal quotation marks omitted.) *Socha* v. *Bordeau*, 277 Conn. 579, 585–86, 893 A.2d 422 (2006).

The plaintiff moves for summary judgment on the grounds that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Specifically, the plaintiff argues that it owes no duty to defend or indemnify the defendant in her underlying lawsuit because the defendant's alleged actions are not covered under the policy and are also excluded by the

policy. First, the plaintiff argues that the defendant's alleged actions do not constitute an occurrence as defined by the policy, which covers against "damages . . . because of bodily injury . . . arising from an occurrence to which the policy applies." Therefore, the plaintiff argues that the defendant's actions were intentional or criminal in nature and, thus, are *excluded* from coverage pursuant to § II of the policy, entitled: "Family Liability and Guest Medical Protection, Losses We Do Not Cover Under Coverage X."

In response, the defendant argues that there are genuine issues of material fact regarding whether the allegations in the underlying complaint constitute an occurrence as defined in the policy. Specifically, the defendant claims in her affidavit that she was acting out in self-defense when the codefendant approached her. In addition, the defendant argues that although the plaintiff does not have a duty to defend or indemnify the defendant against intentional or criminal conduct, the codefendant's complaint also alleges negligence, a cause of action for which the plaintiff does have a duty to defend or indemnify the defendant. Last, she relies on *Moore* v. *Continental Casualty Co.*, 252 Conn. 405, 746 A.2d 1252 (2000), for the proposition that under Connecticut law, "[i]f an allegation of the complaint falls even possibly within the [policy's] coverage, then the insurance company must defend the insured." (Internal quotation marks omitted.) Id., 409. Because the codefendant alleges negligent conduct in her complaint, a cause of action covered by the policy, the defendant argues that the plaintiff is obligated to defend and indemnify her against all of the codefendant's causes of action in her underlying complaint.

"In construing the duty to defend as expressed in an insurance policy, [t]he obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the

insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage. If the latter situation prevails, the policy requires the insurer to defend, irrespective of the insured's ultimate liability. . . . It necessarily follows that the insurer's duty to defend is measured by the allegations of the complaint. . . . Hence, if the complaint sets forth a cause of action within the coverage of the policy, the insurer must defend. . . . If an allegation of the complaint falls even *possibly* within the coverage, then the insurance company must defend the insured." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Hartford Casualty Ins. Co.* v. *Litchfield Mutual Fire Ins. Co.*, 274 Conn. 457, 463, 876 A.2d 1139 (2005). Thus, it is necessary to analyze the underlying complaint to determine whether the codefendant's alleged causes of action are covered by the defendant's policy with the plaintiff, triggering the plaintiff's duty to defend the defendant. She alleges assault and battery (count one), negligence (count two), negligent infliction of emotional distress (count three) and intentional infliction of emotional distress (count four).

Specifically, the codefendant alleges that on January 29, 2005, the defendant punched her in the mouth and struck her in the left eye during an argument between the parties as the defendant was attempting to pick up her daughter from the residence of the codefendant and Rene Devin. The plaintiff contends that the codefendant's causes of action are not covered under the policy because the allegations in the underlying complaint do not allege an occurrence within the meaning of the policy. The defendant does not specifically address this issue in her memorandum of law in opposition. Instead, she argues that the duty to defend has been construed broadly by Connecticut courts, favoring an insurer's duty to defend if *any* allegations of the complaint fall

within coverage. Therefore, she contends that the plaintiff has a duty to defend her since the underlying complaint alleges negligence, inter alia, which is covered under the policy.

This court must first determine whether the codefendant's allegations fall within the policy's definition of an occurrence. The policy defines an occurrence as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage." The term "accident" is not defined in the policy; however, "[it] has been defined as [a]n *unintended* and unforeseen injurious occurrence . . . an occurrence *for which no one is responsible* . . . and an event of unfortunate character that takes place *without one's foresight or expectation*." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Allstate Ins. Co.* v. *Barron*, 269 Conn. 394, 408 n.10, 848 A.2d 1165 (2004).

Although, as the plaintiff argues, the underlying complaint alleges intentional conduct, the codefendant also alleges negligent conduct on the part of the defendant. Additionally, the defendant testifies in her affidavit that the codefendant "physically shoved me through the door to the outside. As she shoved me, I turned and struck her in self-defense. [The codefendant] then came outside after me and found a shovel that was near that door. She picked up the shovel and swung it at my head. I raised my left arm to block the shovel, at the same time striking her again in self-defense."

As stated previously, "the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle[s] him to a judgment as a matter of law. . . . To satisfy his burden the movant must make a showing that it is

quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent." (Internal quotation marks omitted.) *Socha* v. *Bordeau*, supra, 277 Conn. 585–86. Viewing the evidence in the light most favorable to the defendant, this court finds that there are genuine issues of material fact regarding the events of January 29, 2005. This court, therefore, cannot properly decide whether the alleged conduct falls under the policy's definition of an occurrence.

Additionally, the plaintiff argues that the policy specifically excludes intentional conduct in § II, entitled, "Family Liability and Guest Medical Protection, Losses We Do Not Cover Under Coverage X," and which states that "[w]e do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts . . . of, an insured person." Where an insurer sets up a specific liability it was unwilling to provide a defense or indemnity for, "[t]he burden of proving an exception to a risk is on the insurer. . . . [T]he insurer has the burden of demonstrating that the allegations of the complaint cast that pleading *solely and entirely* within the policy exclusions, and further, that the allegations . . . are subject to no other interpretation." (Emphasis added; internal quotation marks omitted.) *Fencing* v. *Hartford Ins. Co.*, Superior Court, judicial district of New Haven, Docket No. CV-02-0468174 (July 23, 2004) (*Licari, J.*); see also *Stach* v. *Farm Family Casualty Ins. Co.*, Superior Court, judicial district of New Haven at Meriden, Docket No. CV-99-0267191S (April 9, 2002) (*Skolnick, J.*); *Grechika* v. *Liberty Mutual Fire Ins. Co.*, Superior Court, judicial district of Waterbury, Docket No. CV-00-0159540 (July 5, 2001) (*Doherty, J.*).

In counts two and three of the underlying complaint, the codefendant alleges negligence and negligent infliction of emotional distress, respectively. The plaintiff argues that these allegations are actually intentional causes of action on the part of the defendant and, therefore, it has no duty to defend the defendant for such conduct. In response, the defendant contends that because the underlying complaint alleges negligent conduct, which is covered under the policy, and because the duty to defend is construed broadly by Connecticut courts, the plaintiff has a duty to defend the defendant in the underlying action.

As stated previously, where an insurer sets up a specific liability it was unwilling to provide a defense or indemnity for, "[t]he burden of proving an exception to a risk is on the insurer. . . . [T]he insurer has the burden of demonstrating that the allegations of the complaint cast that pleading *solely and entirely* within the policy exclusions, and further, that the allegations . . . are subject to no other interpretation." (Emphasis added; internal quotation marks omitted.) *Fencing* v. *Hartford Ins. Co.*, supra, Superior Court, Docket No. CV-02-0468174. Because the codefendant alleges both negligent and intentional conduct, the plaintiff is not able to meet its burden of showing that the allegations are subject to only one interpretation. Additionally, the defendant's affidavit, in which she claims that she acted out in self-defense, raises serious doubts about the events of that night, as alleged in the underlying complaint.

Our Supreme Court has interpreted an insurer's duty to defend very broadly: "If an allegation of the complaint falls even *possibly* within the coverage, then the insurance company must defend the insured." (Emphasis in original; internal quotation marks omitted.) *Hartford Casualty Ins. Co.* v. *Litchfield Mutual Fire Ins. Co.*, supra, 274 Conn. 463. This court finds that there are

genuine issues of material fact as to the events of January 29, 2005, as evidenced in the defendant's affidavit. Accordingly, the plaintiff's motion for summary judgment is denied.