940 A.2d 918 (2008)
50 Conn.Sup. 486
UNIVERSAL UNDERWRITERS INSURANCE COMPANY
v.
Eric J. PARADIS et al.
No. CV XX-XXXXXXX.
Superior Court of Connecticut, Judicial District of Hartford.
May 26, 2006.[*]
February 5, 2008.
*919 Halloran & Sage, LLP, Hartford, for the plaintiff.
Watstein & Watstein, P.C., Bristol, for the defendants Eric. J. Paradis and Christopher Lamont.
Richard Zayas, Hartford, for the defendant Jorge F. De Los Rios, administrator of the estate of Felix De Los Rios.
BRYANT, J.
This is a declaratory judgment action in which the plaintiff seeks a court ruling that the umbrella coverage afforded under a multicoverage insurance policy does not extend coverage to a person not designated as an insured under that coverage on the declaration page of its policy. The facts are detailed more fully as follows.
The plaintiff, Universal Underwriters Insurance Company (Universal), issued a unicover insurance policy to Crowley. *920 Chrysler-Plymouth, Inc. (Crowley). The policy was called a Unicover Policy, No. 224338A (unicover policy). It consisted of several different types of casualty insurance coverages, including "garage operations and auto hazard" automobile liability coverage and "umbrella" personal liability excess coverage. The policy also included some declarations pages, which listed all of the types of coverage comprising the policy and specified who was an insured under each type of coverage.
The action was commenced because of a fatal accident that occurred on October 26, 2002. On that date, Crowley employees Christopher Lamont and Felix De Los Rios were passengers in a motor vehicle owned by Crowley and driven by their coworker Eric J. Paradis in the course and scope of their employment by Crowley. As a result of the accident, both Lamont and De Los Rios were injured, De Los Rios fatally. Lamont and Jorge De Los Rios, the administrator of the estate of Felix De Los Rios (estate), each filed offers of judgment exceeding the $500,000 limit of the garage operations and automobile hazard coverage, and seek satisfaction from the umbrella coverage. Universal contends that the umbrella coverage does not apply and seeks a court ruling to that effect. The court agrees with Universal and rules that the umbrella coverage does not apply for the reasons set forth as follows.
Lamont and the estate separately moved for summary judgment claiming that Paradis is an insured under the umbrella policy, and must be indemnified, pursuant to coverage part 980, not coverage part 500 of the unicover policy.[1] On November 18, 2005, Universal filed a cross *921 motion for summary judgment arguing that there is no genuine issue of material fact that the terms and conditions of coverage part 980 are inapplicable to Paradis. Universal also submitted memoranda in support of its cross motion directed against Lamont and the estate's claims.[2]
In their memoranda of law in opposition to Universal's cross motion, Lamont and the estate argue that the evidence establishes that language defining an insured for the purposes of the umbrella coverage is ambiguous. Lamont, in particular, states that endorsement 043, which extends coverage to "any of YOUR partners, paid employees, directors, executive officers, or stockholders, and members of their households," renders declarations purporting to limit coverage nonsensical.[3]
*922 This is a case requiring the construction of the insurance contract. The estate asserts that the circumstances of this case correspond to the exception language in subsection (v) of exclusion (c) to the umbrella coverage, thus requiring coverage for Paradis.[4] Both Lamont and the estate argue that this court should construe the allegedly conflicting endorsements and exclusions to the umbrella coverage in favor of extending such coverage to Paradis because Universal drafted the terms of the unicover policy. They rely on R.T. Vanderbilt Co. v. Continental Casualty Co., 273 Conn. 448, 462-63, 870 A.2d 1048 (2005). In contrast, Universal contends that because Paradis does not come under the definition of an insured in coverage part 980,[5] he is not covered. Lamont and the estate concede that Paradis is not among the named insureds under the umbrella coverage. Universal states that declarations page 1-0 incorporates endorsements 089 and 162 into the umbrella coverage, not endorsement 043. Page 1-0 provides in relevant part: "Umbrella (Part 980) . . . Endorsements Applicable: 0089 . . . 0162 . . ." Universal also states that because Paradis is not an insured under the umbrella coverage, none of the language in that part of the policy can be construed to include or refer to him.
"Under our law, the terms of an insurance policy are to be construed according to the general rules of contract construction. . . . The determinative question is the intent of the parties, that is, what coverage the . . . [insured] expected to receive and what the [insurer] was to provide, as disclosed by the provisions of the policy. . . . If the terms of the policy are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning." (Internal quotation marks omitted.) R.T. Vanderbilt Co. v. Continental Casualty Co., supra, 273 Conn. at 462, 870 A.2d 1048. Thus, this court must determine whether the language of the umbrella coverage, together with the declarations page, is ambiguous as it applies to Paradis. See Dunn v. Progressive Northwestern Ins. Co., Superior Court, judicial district of New London, Docket No. 0563462, 2003 WL 22708946 (November 4, 2003) (35 Conn. L. Rptr. 753).
In Dunn, the plaintiff sought to recover uninsured motorist benefits under her employer's insurance policy. Id. The section of the policy that applied to uninsured motorists defined "an insured" in relevant part as: "(1) You; (2) If you are an individual, any family member. . . ." (Internal quotation marks omitted.) Id., at 755. "`Family member' [was] defined in the policy to be `a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.'" Id. The employer's insurer *923 moved for summary judgment on the ground that the plaintiff did not meet the definition of an insured. Id. The plaintiff relied on Hansen v. Ohio Casualty Ins. Co., 239 Conn. 537, 546, 687 A.2d 1262 (1996), to counter that "the designation of You as the insured . . . [was] nonsensical because a corporation cannot be compensated for bodily injury, which is the subject matter of the coverage." (Internal quotation marks omitted.) Dunn v. Progressive Northwestern Ins. Co., supra, 35 Conn. L. Rptr. at 755. The plaintiff asserted "that the definition clearly implie[d] that the policy cover[ed] employees acting within the scope of their employment [and] . . . argue[d] that because she was acting within the course of her employment at the time of her injury, coverage should be extended to her." Id., at 754.
In granting the motion for summary judgment, the trial court, Hon. D. Michael Hurley, judge trial referee, observed that "[t]he Hansen case would have been analogous to this case if [the plaintiff's employer] was the only named insured on the policy." If that were so, the terms appropriate for coverage of individuals would have rendered the policy language ambiguous as it did in Hansen. Id., at 755.
The rationale of Dunn does not apply in this case for two reasons. The first is that both an individual and a corporation may be liable. Second, because both the corporation and an individual are the named insureds on the declarations page. "As noted by the court in Ceci v. National Indemnity Co., [225 Conn. 165, 172, 622 A.2d 545 (1993)], [u]nder Connecticut law, the named insured refers only to the name actually appearing on the insurance policy.'" Dunn v. Progressive Northwestern Ins. Co., supra, 35 Conn. L. Rptr. at 755. The court held that the identification of the "named insured on the policy . . . remov[ed] any ambiguity as to both the terms `you' and `family member.'" Id., at 756. The first term "refer[red] to the individual named in the policy, which clearly [did] not include the plaintiff." Id., at 755. Therefore, "the second definition of `an insured' [was] not ambiguous as it applie[d] to the plaintiff." Id., at 756.
Like the insurance policy at issue in Dunn, Crowley's unicover policy explicitly names the individual insureds for each coverage part separately. The coverage parts are preceded by some declarations pages, which specify the insureds for each type of coverage. The declarations pages specify that umbrella coverage is extended "only to those insureds, security interests, and locations designated for each coverage as identified in [declaration] item 2 by letter(s) or number." (Emphasis added.) The insureds under item 2 on page 1-A of the policy declarations entitled, "Named Insured and Type," lists seven separate corporate entities. Page 1-0 of the policy declarations provides in relevant part: "Umbrella (Part 980) . . . Designated Persons: Kenneth Crowley, Steven Miller, Thomas Moden, Kimberley Marie Crowley, Mark Crowley, James Brooks, Gary Stebbins, Peter Kelly, Thomas Strano, Tom Jasperson [and] Debbie Fregeau." Paradis is not listed. Our Supreme Court in Cantonbury Heights Condominium Assn., Inc. v. Local Land Development, LLC, 273 Conn. 724, 735, 873 A.2d 898 (2005), explained that "[a] contract is unambiguous when its language is clear and conveys a definite and precise intent. . . . The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity. . . . [T]he mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous. . . . If the language of the contract is susceptible to more than one reasonable interpretation, the contract is ambiguous."[6] (Internal quotation *924 marks omitted.) Unambiguous contract language is given effect according to its terms. Poole v. Waterbury, 266 Conn. 68, 88, 831 A.2d 211 (2003). The declarations, by their terms, designate by name the business entities and individuals insured under the optional umbrella coverage. The definition of an insured for such coverage has a definite and precise meaning concerning which there is no reasonable basis for a difference of opinion. As a consequence, efforts by Lamont and the estate to assert that Paradis had umbrella coverage must fail.
As in Dunn, Lamont and the estate's analogy of the, present case to Hansen is also unpersuasive. In Hansen, the plaintiff sought underinsured motorist benefits under a business automobile insurance policy issued to a closely held corporation by the defendant insurer. Hansen v. Ohio Casualty Ins. Co., supra, 239 Conn. at 540, 687 A.2d 1262. The policy defined an insured in part as "1. You. 2. If you are an individual, any `family member.'" Id., at 541, 687 A.2d 1262. Because the declarations of the policy in Hansen named the corporation as the only insured, the Supreme Court held that the combination of individual and family oriented language "interspersed throughout the uninsured motorist endorsement provided to the corporation injected confusion and uncertainty into the coverage afforded by the policy." (Emphasis in original.) Id., at 548, 687 A.2d 1262. Construing the declarations against the defendant insurer, the court in Hansen reasoned that "it [was] obvious that the defendant utilized an endorsement that was designed to cover individuals as well as corporations." Id., at 545, 687 A.2d 1262.
This case and Hansen are inapposite because the declarations in the subject unicover policy separately lists the insureds for each constituent coverage individually by name, specifying the coverage extended to the individuals and entities listed. The definition of an insured in coverage part 980 provides: "(a) any person or organization shown in the declarations for this Coverage Part as a `Designated Person.'" Paradis' name does not appear among the specified "Designated Persons," and therefore he was not intended to be insured under the clear and unambiguous terms of the umbrella coverage. Consequently, he is not entitled to umbrella coverage. This outcome accords with our law, which, as stated previously, protects the expectations of the contracting parties, in this context the insurer and the policyholder as long as they are reasonable to the layman. Ceci v. National Indemnity Co., supra, 225 Conn. at 173, 622 A.2d 545., For the foregoing reasons, the court should grant Universal's cross motion for summary judgment.
Neither defendant claims that the unicover policy is unreasonable, although they make similar claims. Specifically, they assert that the unicover policy is ambiguous and violative of public policy as *925 expressed in our financial responsibility law. The first argument has already been 4 considered and addressed earlier in this decision. The second argument is considered and addressed as follows.
The defendants argue that the exclusion of Paradis from the umbrella coverage violates our financial responsibility law, General Statutes §' 31-293a. The issue raised by the defendants is one of first impression in this jurisdiction. Resolution of this issue therefore necessitates statutory construction. The estate and Paradis ask the court to construe our state's financial responsibility law to require the extension of umbrella coverage to the insured covered under the garage operations and automobile hazard coverage of the uncover policy.
Our rules of statutory construction do not permit the court to extend umbrella coverage to Paradis. "It is well settled that in construing statutes, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature [W]e seek to determine, in a reasoned. . . . manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply."[7] (Citation omitted; internal quotation marks omitted.) Miller's Pond, LLC v. New London, 273 Conn. 786, 800, 873 A.2d 965 (2005). "Courts may not by construction supply omissions . . . or add exceptions merely because it appears that good reasons exist for adding them. . . . The intent of the legislature . . . is to be found not in what the legislature meant to say, but in the meaning of what it did say. . . . It is axiomatic that the court itself cannot rewrite a statute to accomplish a particular result. That is a function of the legislature." (Internal quotation marks omitted.) Greco v. United Technologies Corp., 277 Conn. 337, 350, 890 A.2d 1269 (2006). "[W]ords and phrases shall be construed according to the commonly approved usage of the language. . . ." General Statutes § 1-1(a).
In Order to interpret a statute; it is necessary to place it in proper context. "In performing this task, we begin with a searching examination of the language of the statute, because that is the most important factor to be considered. In doing so, we attempt to determine its range of plausible meanings and, if possible, narrow that range to those that appear most plausible. We do not, however, end with the language. We recognize, further, that the purpose or purposes of the legislation, and the context of the language, broadly understood, are directly relevant to the meaning of the language of the statute.
"This does not mean, however, that we will not, in a given case, follow what may be regarded as the plain meaning of the language, namely, the meaning that, when the language is considered without reference to any extratextual sources of its meaning, appears to be the meaning and that appears to preclude any other likely meaning. In such a case, the more strongly the bare text supports such a meaning, the more persuasive the extratextual sources of meaning will have to be in order to yield a different meaning. . . . State v. Courchesne, 262 Conn. 537, 577-78, 816 A.2d 562 (2003)." (Internal quotation *926 marks omitted.) Jewett v. Jewett, 265 Conn. 669, 683, 830 A.2d 193 (2003).
Section 31-293a must be read in the context of General Statutes § 14-112(a), which provides in relevant part: "To entitle any person to receive or retain . . . a certificate of registration of any motor vehicle when, in the opinion of the commissioner, such person has a record on file with the commissioner which is sufficient, in the opinion of the commissioner, to require evidence of financial responsibility for the reasonable protection of other persons, the commissioner shall require from such person proof of financial responsibility to satisfy any claim for damages by reason of personal injury to, or the death of, any one person, of twenty thousand dollars, or by reason of personal injury to, or the death of, more than one person on account of any accident, of at least forty thousand dollars, and for damage to property of at least ten thousand dollars. . . ." The statute upon which Lamont and the estate rely, § 31-293a, provides in relevant part: "No insurance policy or contract shall be accepted as proof of financial responsibility of the owner and as evidence of the insuring of such person for injury to or death of persons and damage to property by the Commissioner of Motor Vehicles required by chapter 246 if it excludes from coverage under such policy or contract any agent, representative or employee of such owner from such policy or contract. Any provision of such an insurance policy or contract effected after July 1, 1969, which excludes from coverage thereunder any agent, representative or employee of the owner of a motor vehicle involved in an accident with a fellow employee shall be null and void." Lamont and the estate claim that the unicover policy was offered as proof of financial responsibility and the exclusion of Paradis from any of the coverages comprising the unicover policy, in particular, the umbrella coverage, violates § 31-293a, and therefore the exclusion is void. The parties have not cited and this court has not found any case law interpreting these statutes; therefore it is instructive to review how financial responsibility acts have been interpreted in other jurisdictions.
In reviewing the leading treatise on insurance law, this court concludes that generally these provisions are not construed as the defendants urge this court to do. Instead, they operate to enforce the law requiring the minimum coverage mandated by law, but not more. Thus, where financial responsibility is demonstrated by one part of a multiline policy, only that part "Where the insurer's liability is based upon the terms of a financial responsibility statute exempting the injured person from the effect of the insured's failure to comply with the terms of the statute, the extent as well as the fact of liability is governed by the terms of the statute rather than those of the policy. Accordingly, notwithstanding a greater coverage provided by the policy, recovery is limited to the minimum figure fixed by the statute." 12 G. Couch, Insurance (3d Ed.2005) § 170:4, citing Behaney v. Travelers Ins. Co., 121 F.2d 838 (3d Cir.1941); Landis v. New Amsterdam Casualty Co., 347 Ill.App. 560, 107 N.E.2d 187 (1952); Farm Bureau Auto. Ins. Co. v. Martin, 97 N.H. 196, 84 A.2d 823 (1951); Ambrose v. Indemnity Ins. Co., 124 N.J.L. 438, 12 A.2d 693 (1940).
Thus, "where an automobile liability policy with a $100,000 limit contains an exclusion as to accidents while the car was being operated by any person under the influence of intoxicants, but such exclusion is invalid under the state [f]inancial [r]esponsibility [l]aw, the exclusion is nullified only to the extent of the $10,000 limit required by such law and is operative as to liability in excess of such limit." 12 G. Couch, supra, § at 170:4, citing Weekes v. Atlantic National Ins. Co., 370 F.2d 264 *927 (9th Cir.1966) (applying Arizona law). There is, scant contrary authority found by this court. See Kish v. Motor Club of America Ins. Co., 108 N.J.Super. 405, 261 A.2d 662 (1970).
Similarly, "[a]n omnibus clause of an automobile dealer's liability policy providing that the limit of liability in the case of an omnibus insured shall be the applicable minimum limit for injury specified in the [f]inancial [r]esponsibility [l]aw limits coverage of a customer who was loaned a demonstrator vehicle to the amount specified under such law." 12 G. Couch, supra, § at 170:5.
Connecticut's financial responsibility law does not require and, therefore, does not govern the umbrella coverage portion of Crowley's unicover policy. "A [f]inancial [r]esponsibility [a]ct has no application to a policy when the statutory conditions requiring the procuring of the policy do not exist. Otherwise stated, the compulsory provisions of a [f]inancial [r]esponsibility [a]ct do not apply to a voluntary policy which was not required by the statute." 7A G. Couch, supra, § at 109:68. "A policy is a voluntary policy not subject to the provisions of the [f]inancial [r]esponsibility [a]ct when, in fact, the procurement of the policy is not required by the [a]ct." Id., § at 109:70.
The Crowley unicover policy does not, by its terms, subject the umbrella coverage to the financial responsibility law. "Contrary to the [foregoing], there is authority that although by its terms a [f]inancial [r]esponsibility [a]ct is not applicable in a given case, the parties may voluntarily incorporate its provisions into the terms of the contract, in which case the statutory provisions are operative not by force of the statute, but because of the agreement of the parties." Id., § at 109:71. "[T]here must be a very clear expression of intention in the voluntary policy before a court is likely to regard the insurer as actually binding itself to the higher degree of liability characteristic of a[f]inancial [r]esponsibility [a]ct contract. Thus, even where an insurer has voluntarily attached to a policy of automobile accident insurance a rider reading into the policy the provisions of the [f]inancial [r]esponsibility [a]ct, the absolute liability contemplated by that [a]ct does not arise, solely because of such voluntary addition, nor unless, in fact, some condition mentioned in such [a]ct as making it applicable is shown to exist." Id. Mandatory minimum insurance required by § 14-112(a) does not abrogate the clear and unambiguous language of Crowley's unicover policy, which affords different coverages to different classes of Crowley officers and employees. The statutory purpose of the minimum insurance statute is satisfied by Crowley's automotive coverage and, therefore, the financial responsibility law does not create coverage under the umbrella coverage.
In this case, the plaintiff provided $500,000 in liability insurance for its employee automobile hazard coverage. That amount is twelve and one-half times the statutorily mandated minimum insurance required to establish financial responsibility. The portion of the policy, which more than satisfied the financial responsibility provisions of § 31-239a, does not exclude from coverage thereunder any agent, representative or employee of the owner of a motor vehicle involved in an accident with a fellow employee, and therefore the non-inclusion of Paradis as an insured under the separate umbrella coverage is not void nor does it violate § 31-293a.
The defendants also argue that the policy is ambiguous because of the language of endorsement 043. Endorsement 043 provides: "The WHO IS AN INSURED condition of this Coverage Part is changed as follows: With respect to (1) any AUTO . . . used in YOUR business *928 . . . (b) any of YOUR . . . paid employees . . . The actual use of the AUTO must be with YOUR permission and within the scope of such permission." However, "[t]he endorsement applies to only the Coverage Part in which reference is made in the declarations." The endorsement section of the declarations does not list endorsement 043. Therefore, by the terms of the policy, endorsement 043 is not applicable to the umbrella coverage. Even if it were to apply, it would not affect Paradis because he is not an insured under the umbrella as per the declarations. Moreover, since he is so excluded, the endorsement does not render the policy ambiguous insofar as Paradis is concerned.
Lamont's argument that the umbrella coverage applied because Crowley acted through Paradis is erroneous. Lamont acknowledges that "[§ 31-293a] authorizes an action at law in damages against a fellow employee who negligently operates a motor vehicle thereby carving out an exception to the exclusivity of the workers' compensation act." Thus Lamont acknowledges that a workers' compensation claim is his exclusive remedy, and therefore Crowley is immune from suit by an employee for injuries sustained in the course of their employment under the circumstances of this case. Since Crowley cannot be sued by Lamont, it cannot be held liable to Lamont, and Crowley's umbrella coverage is not triggered. Accordingly, there is no derivative liability umbrella coverage, through Crowley for Paradis. To the extent that Lamont argues that Crowley is liable under an agency theory, that claim is subscribed by the exclusive remedy afforded by workers' compensation. The policy contains and Lamont has received benefits under the Crowley workers' employment insurance coverage.
For the reasons stated previously, the court finds for the plaintiff and rules that the policy does not extend umbrella coverage to Paradis.
NOTES
[*] Affirmed. Universal Underwriters Ins. Co. v. Paradis, 285 Conn. 342, 940 A.2d 730 (2008).
[1] Lamont attached an affidavit from his attorney, Herbert Watstein, and six exhibits to his motion. Exhibit A is a certified copy of Crowley's unicover insurance policy. Exhibit B is comprised of duplicates of pages excerpted from the policy, including pages 1-B through 1-N, 39 through 48, and 75 through 84. Exhibit C is a letter addressed to Watstein from Universal's attorney, Daniel P. Scapellati, dated August 19, 2005. Exhibit D is an excerpt of an uncertified transcript of Paradis' deposition testimony from June 23, 2005. Exhibit E. includes portions of uncertified transcripts of Lamont's deposition testimony from June 15 and August 2, 2005. Exhibit F is Lamont's original complaint, dated June 12, 2003, which the court may judicially notice as part of the court file in this case. See Borkowski v. Borkowski, 228 Conn. 729, 746 n. 6, 638 A.2d 1060 (1994).

"[B]efore a document may be considered by the court in support of a motion or summary judgment, there must be a preliminary showing of [the document's] genuineness, i.e., that the proffered item of evidence is what its proponent claims it to be. The requirement of authentication applies to all types of evidence, including writings . . ., Conn.Code Evid. § 9-1(a), commentary." (Internal quotation marks omitted.) New Haven v. Pantani, 89 Conn.App. 675, 679, 874 A.2d 849 (2005). "It is especially appropriate to hold an affidavit [or supporting documentation] submitted by a moving party to a stringent standard," (Internal quotation marks omitted.) Id., at 680, 874 A.2d 849. Although Watstein avers to having personal knowledge of the matters to which he attests, he does not indicate that exhibits C, D and E are true and accurate copies of the original documents. "[T]he court cannot consider uncertified deposition testimony for the purposes of [a] motion for summary judgment because the transcript is not independently admissible as evidence and it fails to comply with the requirements of the Practice Book. . . ." (Internal quotation marks omitted.) Vincent v. Delgrego, Superior Court, judicial district of New Haven at Meriden, Docket No. CV 03 0283384S, 2005 WL 1524634 (May 20, 2005) (39 Conn. L. Rptr. 378, 379). As the Appellate Court in Pantani stated, [o]nly evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Internal quotation marks omitted.) New Haven v. Pantani, supra, at 678, 874 A.2d 849. Because exhibits C, D and E are neither authenticated nor admissible, this court should not consider them in deciding Lamont's motion.
The estate did not append an affidavit to its motion, but attached uncertified copies of pages 1-A through 1-N, 39 through 48, and 75 through 84 of Crowley's unicover insurance policy as exhibits 1, 2 and 3, respectively. "Although these documents have not been authenticated and ordinarily would not be. considered . . . the court will consider them in the interest of judicial economy because both parties rely on them and the defendants have not objected." (Citations omitted; internal quotation marks omitted.) Scully v. West Hartford, Superior Court, judicial district of Hartford, Docket No. CV 05 4010763, 2005 WL 2650138 (September 13, 2003); see also Cavalier v. Bank One, N.A., Superior Court, judicial district of New Haven, Docket No. CV 03 0480474 (November 5, 2004) ("where both sides rely on uncertified documents to which no objection has been made to the other's use of these documents, this court has allowed them to be considered as evidence in a motion for summary judgment").
[2] Universal attached a certified copy of the unicover insurance policy to its cross motion as exhibit 1. It also appended an affidavit from Crowley's vice president, Steven Miller, as exhibit 2 to its memorandum of law in support of its cross motion. Miller avers to having personal knowledge of the circumstances of the October 26, 2002 automobile accident.
[3] In Lamont's reply memorandum to Universal's memorandum of law in opposition, he further argues that Keithan v. Massachusetts Bonding & Ins. Co., 159 Conn. 128, 135, 267 A.2d 660 (1970), compels this court to consider Paradis an insured by virtue of his employment with Crowley because "a corporate entity could only act through its officers, agents and employees. . . ." The "precise narrow issue" before the Supreme Court in Keithan involved an omnibus insurance clause. Id., at 141, 267 A.2d 660. Such a clause enables the named insured "to determine who will be accorded the status of an insured and under what circumstances coverage will be extended." Id., at 140, 267 A.2d 660. Here, the declarations governing umbrella coverage do not constitute an omnibus clause nor act as a functional equivalent, See Devino v. Maryland Casualty Co., Superior Court, judicial district of Waterbury, Docket. No. CV 03 0180185S, 2004 WL 1965788 (July 30, 2004) (37 Conn. L. Rptr. 819, 822). Crowley's unicover policy "does not expose the insurance, company to a potentially unlimited and unbounded class of additional insureds like an omnibus clause. In fact, nearly the opposite is true. . . ." Id. Given these distinguishing factors and Keithan's narrow holding, this court should reject Lamont's argument. See id.

Because the umbrella coverage operates to insure certain "designated individuals," Lamont also asserts that the policy is subject to the nullification clause in General Statutes § 31-293a, which provides in relevant part; "No insurance policy or contract shall be accepted as proof of financial responsibility of the owner and as evidence of the insuring of such person for injury to or death of persons and damage to property by the Commissioner of Motor Vehicles . . . if it excludes from coverage under such policy or contract any agent, representative or employee of such owner from such policy or contract. Any provision of such an insurance policy or contract effected after July 1, 1969, which excludes from coverage thereunder any agent, representative or employee of the owner of a motor vehicle involved in an accident with a fellow employee shall be null and void." During oral argument, this court rejected the proposed application of § 31-293a based on exclusions to umbrella coverage because such coverage is made available in addition to the "garage operations and auto hazard" coverage and is capable of the limited application set out in the policy's enumerated declarations and exclusions.
[4] The exclusion section to umbrella coverage part 980, provides in relevant part: "EXCLUSIONSThis insurance does not apply to

"(c) INJURY . . . to any employee of the INSURED arising out of and in the course of their employment by or on behalf of the INSURED. . . .
"This exclusion does not apply . . .
"(v) to INJURY . . . to any of YOUR employees with respect to any claim made or SUIT filed against them by another of YOUR employees because of an OCCURRENCE arising out of and in the course of their employment by YOU. . . . "
[5] Coverage part 980 of the unicover policy provides in relevant part: "WHO IS AN INSURED . . .

"With respect to (1) any AUTO or watercraft used in YOUR business or (2) personal use of any AUTO owned or hired by YOU . . .
"(a) any person or organization shown in the declarations for this Coverage Part as a `Designated Person.' . . . "
[6] During oral argument, Lamont urged this court to dismiss Universal's cross motion with prejudice because Universal produced no affidavit or extrinsic evidence to corroborate Crowley's intent in limiting umbrella coverage to certain insureds. "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact. . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . When only one interpretation of a contract is possible, the court need not look outside the four corners of the contract." (Internal quotation marks omitted.) Briggs v. Briggs, 75 Conn.App. 386, 393, 817 A.2d 112, cert. denied, 263 Conn. 912, 821 A.2d 767 (2003). This court rejected Lamont's request from the bench because the declarations discussed previously unequivocally demonstrate Crowley's intent to limit umbrella coverage to the individuals specified.
[7] We note that, under General Statutes § 2z, "[t]he meaning of a statute shall, in the first instance, be ascertained from the text, of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extra-textual evidence of the meaning of the statute shall not be considered." Neither the plaintiff nor the defendants, however, have raised a persuasive claim that the statutory provisions at issue in the present case are plain and unambiguous as applied to the facts of the case.