MEMORANDUM OF DECISION ON PLAINTIFF S MOTION TO STRIKE

JANE W. FREEMAN, Judge.
The Plaintiff has objected to and moved to strike the “Tribal Elections Customs” document attached to the affidavits of Melissa Tantaquidgeon Zobel and Sandra Eichelberg (“the Document”).[1] Both affidavits were filed in support of the Defendants’ Motion For Summary Judgment dated February 20, 2009. A motion to strike is the proper method to challenge an affidavit if it does not comply with the rules. 2830 Whitney Avenue Corp. v. Heritage Canal Development Associates, Inc., 33 Conn.App. 563, 569 n. 3, 636 A.2d 1377 (1944) (holding that motion to strike is proper method to challenge a counteraf-fidavit). The Plaintiff argues that the Document’s authenticity has not been established and that the Document is not competent summary judgment evidence *107 because it contains hearsay, conclusory allegations and speculation.
The Plaintiff contends that the Document has not been properly authenticated because it is neither sworn to nor certified as required by G.D.C.P. § 49(d).[2] He further argues that neither affiant has expressly stated that her affidavit is based on her personal knowledge. G.D.C.P. § 49(d) provides as follows:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto.
“Documents in support of or in opposition to a motion for summary judgment may be authenticated in a variety of ways, including, but not limited to, a certified copy of a document or the addition of an affidavit by a person with personal knowledge that the offered evidence is a true and accurate representation of what its proponent claims it to be.” City of New Haven v. Pantani, 89 Conn.App. 675, 679, 874 A.2d 849 (2005). The Plaintiff erroneously argues that because the Document, on its face, was not sworn to or certified by an appropriate authority, it would not be admissible in evidence. In addition, he argues that neither affiant has sworn to the accuracy of the Document. However, there is no such requirement. The affiant must only swear that the document is what its proponent claims it to be. While the Document is not certified, both Zobel and Eiehelberg have sworn that the Document is what the Defendants claim it to be, namely, a document prepared in 1995, part of which was drafted by Zobel, as Tribal Historian, and the balance of which was either drafted with her participation or approval. Eiehelberg affirms that the Document is a “true copy” of the document in her election file and Zobel affirms that she partially drafted the Document. The Defendants have properly authenticated the Document with the combined affidavits of Zobel and Eiehelberg.
The Plaintiff’s argument that the Document is not competent summary judgment evidence because it contains hearsay, con-clusory allegations and speculation, also has no merit. Because the Plaintiff has failed to articulate which portions of the Document are hearsay, the Court is unable to address this claim. Further, the Plaintiff argues that the Document contains “conclusory allegations and speculation” so that it would not be admissible in evidence. The Court agrees with the Defendants, however, that the Plaintiffs claim is simply an argument that the Document is unpersuasive, w'hich is pertinent on the merits of the summary judgment motion but not on the admissibility of the Document.
For the foregoing reasons, the Plaintiffs motion to strike the Document is denied and his objection thereto is overruled.

. The Plaintiff did not object to or move to strike the Supplemental Affidavit of Sandra Eichelberg dated March 12, 2009.

. The Gaming Disputes Trial Court Rules of Civil Procedure are applicable in this Court pursuant lo Molt. R.P. § 1 A.(c).